

**FILED**
**FEBRUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Foboha GmbH,<br>    a German corporation,<br><br>Foboha US, Inc.<br>    a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>GRAM TECHNOLOGY, INC.,<br>    a Delaware Corporation; and<br><br>JES GRAM, an individual,<br><br>    Defendants. | CASE NO.<br><br>**08 C 969**<br><br>**JUDGE GRADY**<br>**MAGISTRATE JUDGE ASHMAN**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

For its Complaint against Defendants Gram Technology, Inc., and Jes Gram, individually (hereafter "Defendants"), Plaintiff Foboha GmbH and Foboha US, Inc. (hereafter "Foboha"), allege as follows:

### NATURE OF ACTION

1.   This is an action for violation of the laws of the United States relating to unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125; violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1-510/7); tortious interference with prospective economic advantage under Illinois common law; and unfair competition under Illinois common law.

2.   This action results from Defendants' false and misleading descriptions and representations of fact made in interstate commerce regarding Foboha's products.

**THE PARTIES**

3.      Plaintiff Foboha GmbH is a corporation duly organized and existing under the laws of Germany, located and doing business at Im Mühlegrün 8, D-77716 Haslach, Germany. Foboha GmbH is a subsidiary of Foboha Holding Company, a corporation organized and existing under the laws of Germany.

4.      Plaintiff Foboha US, Inc. is a corporation organized and existing under the laws of Delaware, with is principal place of business at 100 Cummings Center, Suite 231-C, Beverly, Massachusetts, 01915. Foboha GmbH is represented in the United States by Foboha US, Inc., which is a subsidiary of Foboha Holding Company, a corporation organized and existing under the laws of Germany.

5.      Foboha GmbH and Foboha US, Inc. (collectively and hereinafter, "Foboha") are world leaders in the development, design and manufacture of injection molds for the plastics industry. Foboha has become well-known throughout the United States and worldwide as a source of innovation and high-quality tooling. Foboha is established as an expert in the field of two-component and multi-component technology.

6.      Foboha runs and operates a Technology Center which allows it to develop and test complete product installations with peripheral systems for its customers.

7.      Foboha's stack turning technology sets new industry standards for innovation and production. Cycle times for manufacture of products are reduced by up to 25% and cavity numbers doubled, compared to traditional machines of the same size. This technology is especially interesting for large unit volumes and large components.

8.      Foboha has developed a unique double cube mold (hereinafter the "Double Cube Mold") for manufacturing and assembling molded parts.

9. Foboha has advertised and promoted the Double Cube Mold system throughout the United States.

10. Defendant Gram Technology, Inc. ("Gram Technology") is a Delaware Corporation, with a principal place of business located at 10625 E. Pinnacle Peak Road, Scottsdale, Arizona, 85255, and is engaged in the business of licensing technology throughout the United States, including this district. Gram Technology has a corporate officer, Thomas H. Thorelli, Secretary, with a principal place of business at 70 W Madison Street, #5750, Chicago, Illinois, 60602.

11. Defendant Jes T. Gram ("Gram") is an individual, residing in Arizona.

12. Gram is the President and/or Chief Executive Officer of Gram Technology.

13. Gram made, published and/or ratified many, if not all, of the statements about Foboha and its technology alleged herein. Gram Technology and Gram are collectively referred to as "the Defendants" herein.

14. The Defendants are engaged in the business of licensing allegedly patented technology to the plastics industry.

15. Defendants do not make, use, or sell products made using the allegedly patented technology. Therefore, Defendants are not competitors of Foboha GmbH or of Foboha US, Inc.

16. Defendants are not a competitor of Foboha's customers, but rather are a clearing house, of sorts, of patents for which Defendants attempt to extract licenses from various parties.

3

## JURISDICTION AND VENUE

17. Jurisdiction over Count I is expressly conferred on this Court under 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338. Jurisdiction over Counts II-IV is conferred on this Court under 28 U.S.C. §§ 1338 and 1367(a), as these claims are joined with substantial and related claims under the Lanham Act, and the supplemental jurisdiction of this Court.

18. This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209(a)-(c), because Defendants are doing business in the state of Illinois and committed one or more of the acts complained herein within the United States and within this State and District.

19. Venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1391 because some of the events giving rise to the claims occurred in this district and Defendants are doing business in this District.

In further support of jurisdiction, Foboha alleges as follows:

20. Defendants offer services and technology nationwide, including in the Northern District of Illinois, through the Internet and trade shows occurring in this District.

21. Defendants own and operate a website, www.gramtechnology.com, allowing consumers nationwide and in the State of Illinois to actively review Defendants' services and allegedly patented technology via the Internet. (Exhibit 1). Defendants have offered technology for license to customers within the State of Illinois and in the Northern District of Illinois, including at the 2006 National Plastics Expo in Chicago, Illinois. (see press release, Exhibit 2).

## BACKGROUND

22. On April 28, 2003, Defendants, through their Chicago, Illinois, based law firm, filed a U.S. patent application U.S. Ser. No. 10/415,281 titled "PROCEDURE AND MACHINERY FOR THE MOLDING AND ASSEMBLY OF AN ASSEMBLED OBJECT" and

4

directed to a process for molding and assembly of a plastic object using two rotatable molds, naming Jes Gram as the sole inventor, and claiming priority to a PCT International Patent Application filed October 23, 2001.

23.     In 2004 and continuing through 2006, Defendants' comments and statements of infringement in the industry required Foboha to issue press releases informing the industry about the lack of patent rights possessed by GRAM with regard to double cube mold technology. (Exhibit 3 and Exhibit 4).

24.     Defendants have continued to threaten the plastics community with accusations of infringement of foreign patents and U.S. patent applications, beginning at least in 2004.

25.     On or about May 24, 2006, the United States Patent and Trademark Office issued a Notice of Allowance for US. Ser. No. 10/415,281.

26.     On or about June 19, 2006, during the 2006 National Plastics Expo in Chicago, Illinois ("NPE 2006"), and prior to the issuance of a valid patent based upon U.S. patent application U.S. Ser. No. 10/415,281, Defendants, with their Chicago, Illinois based attorneys, then contacted Foboha at the conference and demanded that Foboha take a license for Defendants' patented technology.

27.     At the NPE 2006, Foboha told Defendants that, not only were the allowed claims in U.S. Ser. No. 10/415,281 not presently enforceable, but also Defendants' allowed claims were invalid based upon the prior art reference German Patent DE 4123690A1 ("the German Reference"). Foboha noted that the German Reference was not cited during prosecution and that it clearly discloses the alleged claimed invention.

28.     On July 25, 2006, US. Patent 7,081,222 ("the '222 Patent") issued to Jes Gram. A copy of the '222 Patent. (Exhibit 5).

5

29. On July 26, 2006, Foboha filed a Request for Reexamination of the '222 Patent, primarily in view of the German Reference, which discloses each and every element of the invention claimed in the '222 Patent.

30. On August 21, 2006, the U.S. Patent and Trademark Office granted the Request for Reexamination No. 90/008,126 ("the Reexamination"), stating that the German Reference raised a substantial new question of patentability for each of Claims 1-10 of the '222 Patent. (Exhibit 6).

31. On April 27, 2007, the U.S. Patent and Trademark Office issued a first Office Action in the Reexamination rejecting each of Claims 1-10 as unpatentable over the German Reference. (Exhibit 7). In the Office Action, the Examiner stated that Claims 1-5 of the '222 Patent were rendered obvious by the teachings of the German Reference and Claims 6-10 of the '222 Patent were directly anticipated by the teachings of the German Reference.

32. In response, on June 22, 2007, Defendants were required to substantially amend the originally issued Claims 1-10 to include a limitation that the parts be simultaneously formed and assembled together "by a purely mechanical assembly of said parts" at an assembly position in order to overcome the prior art German Reference. (Exhibit 8).

33. As a result of this amendment, all claims originally issued in the '222 Patent were amended and, thus, no claims from the issued '222 Patent remained in the reexamination proceedings.

34. The amended claims of the '222 Patent are not substantially identical to the claims that issued with the '222 Patent.

35. No reexamination certificate has issued from the Reexamination as of the filing of this complaint.

36.     At least as early as June 22, 2007, and continuing through the filing of this complaint, Defendants had no enforceable patent rights in the '222 Patent.

37.     On or about December 16, 2007, however, Defendants published on their website, www.gramtechnology.com, that Defendants successfully defended reexamination proceedings involving the '222 patent and that:

> In the reexamination, requested by Foboha GmbH's attorneys, the United States Patent and Trademark Office (USPTO) has confirmed the patentability of the 10 original claims of the '222 patent, as applied to mechanical in-mold assembly processes.

(Exhibit 9). In their December 16, 2007 press release, Defendants failed to include the amendments that substantially changed the scope of the claims, made to overcome the prior art rejections.

38.     In a December 21, 2007 letter to each member of the Board of Foboha's parent company, Adval Tech Holding AG, Defendants acknowledge that the 10 claims of the '222 Patent were amended to "specifically apply to mechanical assembly" in an attempt to distinguish the teachings of the German Reference which "requires a vulcanization step for the assembly of a molded object." (Exhibit 8).

39.     Despite the lack of enforceable patent rights, and the acknowledgement that Defendants were required to amend all the issued claims, Defendants advised the Adval Board in the December 21, 2007 letter to pay "urgent attention" to a timeline of events prepared by Defendants related to Defendants' patent holdings. The memorandum advises the Board that "Unilever has settled with Gram, and others might consider doing the same in view of the IP situation and the events that has taken place in the past." (Exhibit 10). In fact, Unilever has never settled with Gram relating to the '222 patent.

40. Further, on or about December 18, 2007, Gram met with Mark Russo and Gene Stull of Stull Technologies regarding Defendants' alleged inventions. This meeting took place in New Jersey.

41. Despite not having enforceable patent claims in the '222 patent at the time, Gram told Mr. Russo that he had a patent covering Foboha's Double Cube Mold and that any use by Stull Technologies of Foboha's Double Cube Mold would be an infringement of Defendants' '222 patent.

42. Gram told Mr. Russo that "there was a lot of infringement going on" and that Stull Technologies should pay Defendants a royalty for infringement of the '222 patent.

43. Instead of informing Mr. Russo that all claims of the issued patent had been amended and that Defendants had no enforceable rights in the '222 patent, Gram only responded that "the patent has been issued."

44. Gram also stated that as a result of the infringement of the '222 patent by the Double Cube Molds, Foboha owed the Defendants money.

45. Gram told Mr. Russo that is was his "mission" to pursue Stull Technologies and its customers to seek "solutions" for current infringement.

46. Mr. Russo was deceived into believing that Defendants had enforceable rights in his '222 patent at the time of the conversation and that the Double Cube Mold could have infringed those alleged patent rights.

47. After speaking with Gram, Mr. Russo believed that, at anytime, Stull Technologies could receive a letter from Defendants alleging that Stull Technologies infringes the '222 patent that "had been challenged."

48. This deception is material because Mr. Russo believed that Gram's statements placed a "cloud" over purchases of the Double Cube Molds from Foboha.

49. Defendants did not attempt to contact Foboha after the June 19, 2006 meeting. Rather, as shown by its conduct with regard to Stull Technologies, Defendants have attacked Foboha's customers with threats of injunction and monetary damages for invalid or unenforceable patents.

50. Further, on information and belief, Defendants have made other license offers to other companies for Defendants' allegedly patented technology, including contacting Electroform Company, Inc., a company located in Rockford, Illinois.

## COUNT I
## VIOLATION OF THE LANHAM ACT
## FEDERAL UNFAIR COMPETITION

51. This Count is based on false description or representation in violation of 15 U.S.C. §1125(a), and Foboha realleges paragraphs 1-50 in support of this Count.

52. Through a pattern of publications and direct communications, Defendants have knowingly misrepresented the scope and enforceability of their patent rights to the plastics industry and have falsely alleged that Foboha's Double Cube Molds infringes Defendants' allegedly patented technology.

53. As of the filing of this complaint, Defendants' patent application has not yet emerged from the reexamination process.

54. Defendants have substantially changed the scope of the original '222 patent claims during the reexamination process.

55. Defendants knew or should have known that until a certificate of reexamination issues for the '222 patent, Defendants have no enforceable rights in the '222 patent and are not able to collect damages for the alleged infringement of the '222 patent from Foboha or their customers.

56. Therefore, statements to Foboha's customers alleging current liability for infringement of the '222 patent constitute false or misleading descriptions or representations with respect to Foboha's product, in violation of 15 U.S.C. §1125(a).

57. Defendants' statements have actually deceived or have the tendency to deceive a substantial segment of its audience, namely Foboha's customers.

58. Defendants' statements were intended to confuse a substantial portion of the market, to Foboha's detriment.

59. Defendants' false statements are likely to influence and have influenced the purchasing decisions of Foboha's customers.

60. Defendants caused the false or misleading statements to enter interstate commerce.

61. Unless enjoined by the Court, Defendants shall continue to do the acts complained of herein. Foboha has been, and will continue to be, damaged by Defendants' aforesaid false description and representation by reason of the likelihood that the public will be confused as to the enforceable patent rights of Defendants and whether the Foboha's products infringe those rights.

62. Unless enjoined by the Court, Defendants shall continue to do the acts complained of herein and cause damage and injury to Foboha, either by direct diversion of sales from Foboha to other tool makers or by a loss of good will associated with Foboha's products.

## COUNT II
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

63. This Count is based on unfair competition and deceptive trade practices in violation of 815 ILCS §§ 510/1-510/7 and Illinois common law, and Foboha realleges paragraphs 1-50 in support of this Count.

64. Through a pattern of publications and direct communications, Defendants have knowingly misrepresented the scope and enforceability of their patent rights to the plastics industry and have falsely alleged that Foboha's Double Cube Molds infringes Defendants' allegedly patented technology.

65. As of the filing of this complaint, Defendants' patent application has not yet emerged from the reexamination process.

66. Defendants have substantially changed the scope of the original '222 patent claims during the reexamination process.

67. Defendants knew or should have known that until a certificate of reexamination issues for the '222 patent, Defendants have no enforceable rights in the '222 patent and are not able to collect damages for the alleged infringement of the '222 patent from Foboha or their customers.

68. Therefore, by making false and misleading statements to Foboha's customers alleging current liability for infringement of the '222 patent, Defendants have misrepresented the scope, nature and extent of its patented technology with the deliberate and express purpose of disparaging the goods, services, or business of the Foboha; and Defendants' acts are likely to cause, and are intended to cause, confusion and deception of the public.

69. The aforesaid acts of Defendants are causing and will continue to cause injury to the business reputation of the Foboha and confusion and deception as to the extent of Defendants' enforceable rights.

70. Unless enjoined by this Court, Defendants will continue to cause irreparable harm to Foboha and the public, for which the Foboha have no adequate remedy at law.

## COUNT III
## TORTIOUS INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

71. Foboha incorporates by reference paragraphs 1 through 50 of this Complaint as though set forth in full herein.

72. As a result of efforts to introduce its Double Cube Molds and related tooling into the market and its longstanding involvement in the plastics industry, Foboha has developed and acquired valuable economic relationships with actual and prospective customers, purchasers and users of its equipment and services. Similar valuable economic relationships have also been developed with journalists and others who cover the plastics industry, with suppliers, with engineers and with other persons and entities interested in the plastics industry and specifically mold technology. These relationships embodied and represented substantial likelihood of probable future economic benefit to the Foboha.

73. Upon information and belief, at all times material hereto, Defendants possessed and possess knowledge of such relationships, including relationships with Stull Technologies, which knowledge can be inferred from, among other things, the tight-knit nature of the market and the relatively small size of the industry focused on Double Cube Mold technology.

74. Upon information and belief, Defendants engaged in the aforementioned acts with the specific intention of disrupting the foregoing relationships and that, as a proximate result thereof, Foboha's relationships have in fact been disrupted.

75. As a direct and proximate result thereof, the Foboha has been damaged in its business and property through, among other things, the loss of revenues and profits attributable to the disruption of the aforementioned relationships in an amount presently unknown but to be proven at the time of trial.

76. Upon information and belief, in engaging in the aforementioned acts and conduct, Defendants acted maliciously, oppressively, and fraudulently, and therefore, Foboha is entitled to an award of exemplary damages against Defendants in an amount according to proof for the sake of example and by way of punishment.

77. Upon information and belief, unless enjoined by this court, Defendants intend to continue its course of conduct, to misrepresent the nature and quality of the technology owned by Foboha and Defendants, and to otherwise cause damage to Foboha by other means.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

78. Foboha hereby alleges unfair competition in violation of Illinois common law. Foboha repeats and realleges the allegations of paragraphs 1 through 50, as though fully set forth herein.

79. As a result of its actions complained of herein, Defendants have caused confusion, or are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade. Defendants have made false statements regarding Foboha's valuable technology. Said acts, which are willful, constitute unfair competition in violation of the common law of the State of Illinois.

80. Said acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Foboha, for which Foboha has no adequate remedy at law.

## JURY DEMAND

Foboha demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE Foboha prays for the following relief:

A. Judgment for Foboha and against Defendants in an amount to be determined at trial.

B. That Defendants and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with it who receive notice, be permanently enjoined and restrained, until a final Reexamination Certificate is issued and all invalidity challenges against the '222 patent have been finally resolved, from enforcing and/or threatening enforcement of patent rights under the '222 Patent against Foboha and its related companies, customers, successors and assigns.

C. That Defendants be required to pay Foboha their actual damages and to account for and pay over to Foboha all gains, profits and advantages derived by it from its infringement, unfair competition and other lawful acts.

D. That the Court award increased damages to fully compensate Foboha and punitive damages for the willful and wanton nature of Defendants' aforesaid wrongful acts.

E. That Defendants be ordered to pay interest, costs and reasonable attorneys' fees to Foboha.

      F.    That the Court grants Foboha such other and further relief as the Court deems just.

Dated: <u>February 15, 2008</u>　　　　　　　　　Respectfully Submitted,


                                               By:   <u>s/Amanda M. Miller</u>
                                             Gary M. Ropski
                                             Timothy P. Lucier
                                             Amanda M. Miller
                                             Brinks Hofer Gilson & Lione
                                             455 North Cityfront Plaza Dr.
                                             Suite 3600
                                             Chicago, Illinois 60611
                                             Tel. 312-321-4200
                                             Fax. 312-321-4299

                                             Attorneys for Plaintiffs
                                             Foboha GmbH and Foboha US, Inc.