# EXHIBIT 7

**08 C 969**

**JUDGE GRADY**
**MAGISTRATE JUDGE ASHMAN**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,126 | 07/26/2006 | 7801222 | RP-9001 | 9122 |

26530    7590    04/27/2007

LADAS & PARRY LLP
224 SOUTH MICHIGAN AVENUE
SUITE 1600
CHICAGO, IL 60604

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 04/27/2007

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

4/27/07

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

KEVIN D. ERICKSON

PAULEY PETERSEN & ERICKSON

2800 W. HIGGINS ROAD  SUITE 365

HOFFMAN ESTATES, IL 60195

### *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO  90/008126
PATENT NO.   7,081,222
ART UNI   3991

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| Office Action in Ex Parte Reexamination | Control No. 90/008,126 | Patent Under Reexamination 7801222 |
|---|---|---|
| | Examiner Kiley Stoner | Art Unit 3991 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>26 July 2006</u>.  b ☐ This action is made FINAL.
c ☒ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.   3. ☐ Interview Summary, PTO-474.
2. ☐ Information Disclosure Statement, PTO/SB/08.       4. ☐ _____.

Part II  SUMMARY OF ACTION

1a. ☒ Claims <u>1-10</u> are subject to reexamination.
1b. ☐ Claims _____ are not subject to reexamination.
2.  ☐ Claims _____ have been canceled in the present reexamination proceeding.
3.  ☐ Claims _____ are patentable and/or confirmed.
4.  ☒ Claims <u>1-10</u> are rejected.
5.  ☐ Claims _____ are objected to.
6.  ☐ The drawings, filed on _____ are acceptable.
7.  ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.
8.  ☒ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☒ All  b)☐ Some*  c)☐ None   of the certified copies have
    1 ☐ been received.
    2 ☐ not been received.
    3 ☒ been filed in Application No. <u>10/415,281</u>.
    4 ☐ been filed in reexamination Control No. _____.
    5 ☐ been received by the International Bureau in PCT application No. _____.
    * See the attached detailed Office action for a list of the certified copies not received.
9.  ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.
10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)    Office Action in Ex Parte Reexamination    Part of Paper No. 20070423

Application/Control Number: 90/008,126 Page 2
Art Unit: 3991

# Reexamination

## *Summary of the Proceeding*

1.  The third party requested the *ex parte* reexamination of claims 1-10 of Gram (U.S. 7,081,222) (hereafter the '222 patent) on 7/26/06. The order granting reexamination was mailed on 8/21/06. A statement under 37 CFR 1.530 has not been received from the patent owner.

## *Litigation Reminder*

2.  The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the '222 patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

## *Claim Interpretation*

3.  In reexamination, patent claims are construed broadly. In re Yamamoto, 740 F.2d 1569, 1571, 222 USPQ 934, 936 (Fed. Cir. 1984) (claims are given "their broadest reasonable interpretation consistent with the specification").

Application/Control Number: 90/008,126                                                          Page 3
Art Unit: 3991

## *Paragraph Citations in the Rejection*

4.      The examiner has included with this Office action an annotated translation of DE-4123690A1 (hereafter DE '690). In the annotated translation the examiner has sequentially numbered the paragraphs of text. The paragraph citations in rejections set forth below correspond to the paragraph numbers labeled on the annotated translation.

## *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

5.      Claims 6-10 are rejected under 35 U.S.C. 102(b) as being anticipated by Borowitz (DE-4123690A1) (hereafter DE '690).

With respect to independent claim 6, DE '690 teaches a process for the molding and assembling of a two-part plastic object (paragraphs 8-9 of the translation); and providing a machine including first and second rotatable molds (paragraphs 8, 9, 10, 21 and 23 of the translation). DE '906 also teaches each mold having at least two mold cavities formed therein (paragraphs 8-10 of the translation). DE '690 further teaches that each of said molds having and rotatable on an axis of rotation (paragraphs 8-10, 21, 23, and 25 of the translation); introducing plastic into one of said mold cavities in said first rotatable mold, to form a part, at a first forming position located at a distal facing side of said first rotatable mold aligned with said axes of rotation (Figures 2-5;

Application/Control Number: 90/008,126                                                                  Page 4
Art Unit: 3991

and paragraphs 6, 7, 10, 21-24 of the translation); introducing plastic into one of said mold cavities in said second rotatable mold, to form a part, at a second forming position located at a distal facing side of said second rotatable mold aligned with said axes of rotation (Figures 2-5; and paragraphs 6, 7, 10, 21-24 of the translation); rotating said rotatable molds (paragraphs 8-10, 21, 23, and 25 of the translation); and joining parts in opposing mold cavities at an assembly position when one of said mold cavities of said first mold and one of said mold cavities of said second mold are aligned intermediate to said axes of rotation (paragraphs 9 and 10 of the translation); wherein the at least two mold cavities in each mold enables said parts to be simultaneously formed at said forming positions and assembled together at said assembly position (paragraphs 9 and 10 of the translation).

With respect to claim 7, DE '690 teaches the steps of introducing plastic at the forming position and joining opposing parts at the assembly position are performed simultaneously, and repeatedly between rotating steps, to continuously produce multiple objects (paragraph 10 of the translation).

With respect to claim 8, DE '690 teaches the step of applying heat to an edge of the part before the joining step (paragraph 9 of the translation).

With respect to claim 9, it is inherent that the process of DE '690 includes the step of ejecting a finished object from said mold cavities after the joining step.

With respect to claim 10, DE '690 teaches the step of moving at least one of said molds in a transverse direction perpendicular to said axis of rotation, during the joining

Application/Control Number: 90/008,126 Page 5
Art Unit: 3991

step, to close together the molds at said assembly position (paragraphs 9 and 25-27 of the translation).

## Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6. Claims 1-5 are rejected under 35 U.S.C. 103(a) as being unpatentable over Borowitz (DE-4123690A1) (hereafter DE '690).

With respect to independent claim 1, DE '690 teaches a process for the molding and assembling of a two-part plastic object (paragraphs 8-9 of the translation) and providing a machine including first and second rotatable molds (paragraphs 8, 9, 10, 21 and 23 of the translation). DE '906 also teaches each mold having at least two mold cavities formed therein (paragraphs 8-10 of the translation). DE '690 further teaches rotating molds #15 and #16 around a horizontal axis of rotation and does not explicitly teach that the molds are "rotatable on a substantially vertically oriented axis of rotation". However, the direction in which the molds are rotated is relative to the point of view. At the time of the invention it would have been obvious to one of ordinary skill in the art that the molds can be rotated about a vertical axis. The examiner's position is reinforced by the prosecution history of the '222 patent, wherein the applicant stated

that "[p]lastic molding processes, such as injection molding and blow molding, are not limited in the position in which the cavity must be in when the plastic is introduced therein" (Amendment dated 12/27/2004, page 2, Exh. E). In view of this admission by the applicant, it is clear that the molds can be rotated about the horizontal or vertical axes without affecting the molding process.

Additionally, DE '690 teaches introducing plastic into one of said mold cavities in said first rotatable mold, to form a part, at a first forming position located at a distal facing side of said first rotatable mold (Figures 2-5; and paragraphs 6, 7, 10, 21-24 of the translation); introducing plastic into one of said mold cavities in said second rotatable mold, to form a part, at a second forming position located at a distal facing side of said second rotatable mold (Figures 2-5; and paragraphs 6, 7, 10, 21-24 of the translation); rotating said rotatable molds (paragraphs 8-10, 21, 23, and 25 of the translation); and joining parts in opposing mold cavities at an assembly position when one of said mold cavities of said first mold and one of said mold cavities of said second mold are aligned intermediate to said axes of rotation (paragraphs 9 and 10 of the translation); wherein the at least two mold cavities in each mold enables said parts to be simultaneously formed at said forming positions and assembled together at said assembly position (paragraphs 9 and 10 of the translation).

With respect to claim 2, DE '690 teaches the steps of introducing plastic at the forming position and joining opposing parts at the assembly position are performed simultaneously, and repeatedly between rotating steps, to continuously produce multiple objects (paragraph 10 of the translation).

Application/Control Number: 90/008,126                                                                 Page 7
Art Unit: 3991

With respect to claim 3, DE '690 teaches the step of applying heat to an edge of the part before the joining step (paragraph 9 of the translation).

With respect to claim 4, it is inherent that the process of DE '690 includes the step of ejecting a finished object from said mold cavities after the joining step.

With respect to claim 5, DE '690 teaches the step of moving at least one of said molds in a transverse direction perpendicular to said axis of rotation, during the joining step, to close together the molds at said assembly position (paragraphs 9 and 25-27 of the translation).

## *Conclusion*

7.  In order to ensure full consideration of any amendments, affidavits of declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and 37 CFR 41.33 after appeal, which will be strictly enforced.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

Application/Control Number: 90/008,126                                                Page 8
Art Unit: 3991

## *Correspondence*

8.   Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kiley Stoner whose telephone number is (571) 272-1183. The examiner can normally be reached on Monday-Friday (10:00 a.m. to 6:30 p.m.). If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Deborah Jones can be reached at (571) 272-1535. The fax phone number for the organization where this proceeding is assigned is (571) 273-7705.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

>Mail Stop *Ex Parte* Reexam
>ATTN: Central Reexamination Unit
>Commissioner for Patents

Application/Control Number: 90/008,126   Page 9
Art Unit: 3991

      P.O. Box 1450

      Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900

              Central Reexamination Unit

By hand to:   Customer Service Window

              Randolph Building

              401 Dulany St.

              Alexandria, VA 22314

    Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

*[signature]* 4/27/07

Kiley Stoner

Primary Examiner

AU 3991

(571) 272-1183

*[signature]*
DEBORAH D. JONES
SPRE-AU 3991
CENTRAL REEXAMINATION UNIT

*[signature]*
ALAN DIAMOND
PRIMARY EXAMINER