**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Foboha GmbH, )<br>    a German corporation, and )<br>  )<br>Foboha US, Inc., )<br>    a Delaware corporation, )<br>  )<br>    Plaintiffs, )<br>  )<br>v. )<br>  )<br>Gram Technology, Inc., )<br>    a Delaware corporation; and )<br>  )<br>Jes Gram, an individual, )<br>    Defendants. ) | Case No. 08 C 969<br><br>Judge Grady<br><br>Magistrate Judge Ashman |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS UNDER RULE 12 (b)(6) FED. R. CIV. P**

**Introduction**

Defendants Jes Gram and Gram Technology, Inc. ("Defendants") are the owner and exclusive licensee, respectively, of United States Patent 7,081,222 entitled "Procedure and Machinery for the Molding and Assembling of an Assembled Object."  Defendants are in the business of developing, designing and licensing their injection plastic molding systems and selling these licensed molding systems through their licensees (Complaint ¶¶ 10, 14).  Plaintiffs Foboha GmbH and Foboha US, Inc. ("Plaintiffs") are engaged in the business of development, design and manufacture of injection plastic molding systems (Complaint ¶ 5).

On February 15, 2008, Plaintiffs filed a four-count complaint against Defendants purporting to assert claims of unfair competition in violation of Section 43(a) of the Lanham Act (15 USC §1125(a))(Count I), unfair competition and deceptive trade practices in violation of the

Illinois Uniform Deceptive Trade Practices Act 815 ILCS §§510/1-510/7 (Count II), tortious interference with prospective economic advantage under Illinois common law (Count III) and unfair competition under Illinois common law (Count IV).

Plaintiffs' Complaint (the "Complaint"), and each of counts therein, fail to state a claim upon which relief may be granted, and should be dismissed.

Count I, alleging unfair competition in violation of §43(a) of the Lanham Act, 15 USC §1125(a), should be dismissed because, as pleaded by Plaintiffs, the actions of Defendants and/or the clear justification for those actions fail to support a claim under §43(a). Defendants are patent owners entitled under the law to make good-faith assertions of their patent rights to potential infringers about potential infringements.

Count I is Plaintiffs' only federal claim. It is the basis for Plaintiffs' claim of federal jurisdiction for the remaining Illinois statutory and common law Counts II, III and IV (Complaint ¶ 17). The Complaint makes no other assertion of federal jurisdiction over the three remaining Illinois counts. If this Court determines that Count I must be dismissed for failure to state a claim, it would be appropriate for the Court to dismiss the remaining counts of the Complaint for lack of federal jurisdiction.

In addition, there are independent grounds for dismissing the remaining Illinois counts for failure to state a claim upon which relief may be granted.

Plaintiffs' federal and Illinois unfair competition claims (Counts I, II and IV) sound in fraud and misrepresentation, and therefore, invoke the heightened pleading requirements of Fed.R.Civ.P. 9(b). Plaintiffs have failed to meet this pleading requirement, only vaguely alleging wrongs unsupported by the "who, what, when and where" required by this heightened standard.

Plaintiff's claim for tortious interference under Illinois law fails to specify any third parties with which it has or expects a business relationship or any other required details.  Further, on its face, the Complaint provides Defendant with the complete defense of competitor's privilege.

As each of the counts fails to state a claim upon which relief may be granted and are deficient as a matter of law, the Court should dismiss Plaintiff's complaint in its entirety.

## **Argument**

In *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S. Ct. 1955 (May 21, 2007), the Supreme Court held as follows:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")........
> ...........
> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," *post* at 1975, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. See, *e.g*., Easterbrook, Discovery as Abuse, 69 B.U.L.Rev. 635, 638 (1989) ("Judges can do little about impositional discovery when parties control the legal claims to be presented and conduct the discovery themselves"). And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage," much less "lucid instructions to juries," *post,* at 1975; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those  proceedings.......

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). The Court should grant a motion to dismiss under Rule 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### Plaintiff's §43(a) Claim Must be Dismissed Because it is Vaguely Pleaded and Merely Speculative

Claims that allege false representation or false advertising under Section 43(a) of the Lanham Act (15 USC §1125) are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp. 2d 704, 709 (N.D. Ill. 2006) (Zagel, J.) (citations omitted).

To prevail on and unfair competition claim under §43(a) of the Lanham Act stemming from a patentee's marketplace activity in support of his patent, the claimant must first establish that the activity was undertaken in bad faith. *Judkins v. HT Window Fashion Corp.*, No. 2007-1434, April 8, 2008 (Fed. Cir 2008) (M. Kennelly, D.J., sitting by designation) (copy attached as Exhibit A). "[A] patentee has a right to inform potential infringers of a patent and potential he infringing activity unless the communication is made in bad faith." GP Indus., Inc. v. Eran Indus., Inc., 500 F.3d 1369, 1374 (Fed. Cir. 2007).

Plaintiff's complaint contains not a single specific averment accusing Defendants' of bad faith. In no way do Plaintiffs' mere assertions of false or misleading statements (e.g., Complaint, raise a right to relief above the speculative level. It "merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, supra. Without a provable assertion of a likelihood of

confusion, it is beyond doubt that Plaintiff can prove no set of facts in support of its claims which would entitle it to relief.

Plaintiffs fail to properly plead their Lanham Act claim because the direct contacts alleged with Stull are not commercial advertising or promotion.  The fax letter of December 21, 2007 (Plaintiffs' Exhibit 10) sent by defendant Jes Gram to Plaintiffs' parent company Adval Tech Holding AG (see Plaintiffs' Notification of Affiliates, attached as Exhibit B) is also direct communication and not commercial advertising or promotion.  Letters do not constitute "commercial advertising or promotion." To be actionable under § 43(a)(1)(B), the alleged false claims must have arisen in the context of "commercial advertising or promotion."  15 U.S.C. § 1125(a)(1)(B). The Seventh Circuit has explicitly stated that "letters sent to customers do not come within the scope of § 43(a)(1)(B) – which is limited to false or misleading 'commercial advertising or promotion' and does not cover all deceitful business practices." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003).

With respect to him to the exhibits which could arguably be considered "commercial advertising or promotion," i.e., Plaintiffs' Exhibits 1 and 2, have been used by Plaintiffs in their Complaint merely to describe the normal business activities of Defendants (Complaint ¶ 21). There is no allegation by Plaintiffs that these  publications are false or misleading.

### Plaintiffs' Illinois Uniform Deceptive Trade Practices Act Claim and Plaintiffs' Illinois Common Law Claim Must Fall

Count II of the Complaint alleges unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (IUDTPA), 18 ILCS §§ 510/1-510/7, and Illinois common law.  Count IV alleges common law unfair competition.

IUDTPA  and common law claims sounding in fraud are also subject to the pleading requirements of Fed. R. Civ. P. 9(b).  *Gold v. Golden G.T., LLC*, No. 05 C 288, 2005 WL

2465815, at *6 (N.D Ill. Oct. 4, 2005) (Filip, J.); Nakajima *All Co., Ltd. v. SL Ventures Corp.*, No. 00 6594, 2001 WL 641415, *6-7 (N.D. Ill. June 4, 2001) (Gettleman, J.)  (See Complaint ¶ 68).

Plaintiffs rely on the same allegations in support of their IUDTPA and common law claims as they do in their defective Lanham Act claim.  Accordingly, their assertion of IUDTPA, without the "who, what, when and where" required by this heightened pleading requirement of Fed. R. Civ. P. 9(b), fails to state a claim.

### Plaintiffs' Tortious Interference Claim Ignores the Essential Elements of Tortious Interference

The Plaintiffs have failed to state a claim for tortious interference with prospective economic advantage.  Under Illinois law, to state a claim for tortious interference with prospective economic advantage, Plaintiffs must allege (a) a reasonable expectancy of entering into a valid business relationship; (b) Defendants' knowledge of such expectancy; (c) an intentional and unjustifiable interference by Defendants with the third-party that induced or caused a breach or termination of the expectancy; and (d) damage to the Plaintiffs resulting from Defendants' alleged interference. *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 406-407 (Ill. 1996). *Nav-Aids Ltd. v. Nav-Aids USA, Inc.*, No. 01 C 0051 (N.D.Ill. 2001) (Aspen, J.).  This includes an allegation that the defendant engaged in specific action against the party with whom the plaintiff expected to do business. *Schuler v. Abbott Laboratories*, 265 Ill.App.3d 991, 994 (Ill. App. 1993).  Moreover, the plaintiff must allege a business expectancy with a specific third party and not merely allege a general expectation of future business.  Id.  The plaintiff must furthermore plead and, eventually, prove purposeful interference that connotes impropriety.  See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill.2d 460, 485 (Ill. 1998).  Indeed, there will be no liability for interference with a prospective contractual relation where the defendant merely conveys

truthful information.  *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 399 (7th Cir. 2003) (citing *Soderlund Bros. v. Carrier Corp.*, 278 Ill.App.3d 606, 620 (Ill. App. 1995)).

Here, the Plaintiffs have failed to allege any specific third parties with whom they expected to enter a valid business relationship.  In ¶¶ 40-48 of the Complaint, Plaintiffs relate allegations concerning a direct contact with Mark Russo and Jean Stull of Stull Technologies.  In ¶ 50 of the complaint, Plaintiffs make this innocuous statement:

> "Further, on information and belief, Defendants have made other license offers to other companies for Defendants' allegedly patented technology, including contacting Electoform Company, Inc., a company located in Rockford, Illinois."

These are the only references in the complaint to specific third parties, and, as to these two, there are simply no allegation of specific expectancies that Plaintiffs would be entering into new business relationships with either of these parties.

In ¶ 72 of the Complaint, Plaintiffs alleged having "valuable economic relationships" with ""<u>actual and prospective customers</u>," "<u>purchasers and users</u>," "<u>journalists and others who cover the plastics industry</u>," "<u>suppliers</u>" and "<u>other persons and entities interested in the plastics industry</u>."  Alleging "Valuable economic relationships" with unnamed parties basically constituting everyone "interested in the plastics industry" falls far short of the specific pleading requirements for pleading a claim for tortious interference with prospective economic advantage under Illinois common law, even under the notice pleading requirements of Fed.R.Civ.P 8(a).

Some Illinois cases indicate that the plaintiff may point to an identifiable "class" of third parties with whom he had a business expectancy rather than a single third party. *See, e.g., River Park, Inc. v. City of Highland Park*, 281 Ill.App.3d 154, 217 Ill.Dec. 410, 667 N.E.2d 499, 507 (1996) (holding that a plaintiff must "allege either an interference with specific third parties or an identifiable class of third persons").  But it is a stretch far beyond the plausibility boundary set by

the Supreme Court in *Twombly* for Plaintiff to ignore the requirements of reasonable notice pleading and claim the entire class of everyone "interested in the plastics industry" as "an identifiable class of third persons."  Plaintiffs have simply failed in their obligation under *Twombly* to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

That said, having failed to allege that Defendant improperly interfered with Plaintiff's ability to enter into contracts or business relationships with specific third parties interested in purchasing its products, Plaintiff has not satisfied the minimal requirements of federal notice pleading.

The Plaintiffs have failed to allege Defendants' knowledge of any such expectancies. Rather, Plaintiffs merely state, in ¶73 of the Complaint:

> "Upon information and belief, at all times material here too, Defendants possessed and possess knowledge of such relationships, including relationships with Stull Technologies, which knowledge can be inferred from, among other things, the tight-knit nature of the market and the relatively small size of the industry..."

This is insufficient.  Further, the Plaintiffs have failed to allege that Defendants intentionally and unjustifiably interfered with any third party that induced or caused a breach or termination of an expectant business relationship.  Because of this, the Plaintiffs cannot sufficiently allege that conduct caused damage arising from a specific failed expectancy.

A claim for tortious interference with prospective economic advantage is not viable when the Plaintiffs do not plead that the Defendants' conduct caused a particular third party not to do business with Plaintiffs.  Automated Concept Inc. v. Weaver, 200 U.S. Dist. LEXIS 11560, *21 (N.D. Ill. August 9, 2000).  Accordingly, Plaintiffs' failure to plead specific third parties, specific business expectancies, specific actions by Defendants against those specific third parties

resulting in specific disruptions and damages, renders Plaintiffs' tortious interference claim untenable. Therefore, this claim should be dismissed.

## Plaintiff's Tortious Interference Claim
## Provides Defendant with a Complete Defense of Privilege

Assuming, arguendo, that Plaintiffs have pleaded their claim of their claim of tortious interference with prospective economic advantage, Defendants have available to them the complete defense of the competitor's privilege. Although normally, in federal court, the existence of this kind of privilege will be an affirmative defense for the defendants to raise, in some cases a complaint so clearly reveals the existence of the defense that judgment on the pleadings is possible. *International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724 (7th Cir. 1999).

> Competition is not a tort, *Frandsen v. Jensen-Sundquist Agency, Inc.*, 802 F.2d 941, 947 (7th Cir. 1986), but on the contrary provides a defense (the "competitor's privilege") to the tort of improper interference. *See, e.g.*, *Soderlund Bros., Inc. v. Carrier Corp.*, 278 Ill. App. 3d 606, 663 N.E.2d 1, 8, 215 Ill. Dec. 251 (Ill. App. 1995); *Mannion v. Stallings & Co.*, 204 Ill. App. 3d 179, 561 N.E.2d 1134, 1141, 149 Ill. Dec. 438 (Ill. App. 1990); *Fred Siegel Co. v. Arter & Hadden*, 85 Ohio St. 3d 171, 707 N.E.2d 853, 860-61 (Ohio 1999); *Restatement (Second) of Torts*, supra, § 768.

*Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862 at 865 (7th Cir. 1999)

In ¶ 15 of the Complaint, Plaintiffs allege "Defendants do not make, use, or sell products made using the allegedly patented technology. Therefore, defendants are not competitors of Foboha GmbH or of Foboha US, Inc." This is merely an example of protesting a bit too much. Defendants can only surmise that Plaintiffs' motivation for making this allegation was to preemptively and artfully dodge the anticipated raising of Defendants' competitor's privilege. In light of the other allegations in the Complaint, this allegation is disingenuous, at best. Plaintiffs develop, design and manufacture plastic injection molds (Complaint ¶ 5). Defendants develop

and design plastic injection molds, as shown by Plaintiffs' Exhibit 5 (Defendants' US Patent No. 7,081,222 - "Procedure and Machinery for the Molding and Assembling of an Assembled Object").

Exhibits 3 and 4, industry press releases produced and distributed by Plaintiffs themselves to the trade, demonstrate that both Plaintiffs and Defendants seek the same target customers. Plaintiffs even concede that Defendants are in the business of licensing their injection molding technology in competition with Plaintiffs (Complaint ¶ 50).

In addition, Plaintiffs alleged in the Complaint "Defendants have offered technology for license to customers within the State of Illinois and in the Northern District of Illinois, including at the 2006 National Plastics Expo in Chicago, Illinois."

In Illinois, a competitor is ineligible for the competition defense only if its conduct is motivated solely by spite or ill will. *Stolberg v. Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 846 n.2 (Ill. App. Ct. 1998). Because the Complaint's factual allegations clearly raise the question of privilege, the Plaintiffs must plead facts that could support a finding that Defendants abused the privilege. See *Roy v. Coyne*, 259 Ill.App.3d 269, 284-285 (Ill. App. 1994). Plaintiffs must plead more than malice without factual support to overcome such a privilege. *Schuler*, 265 Ill.App.3d at 995-996. Thus, the Plaintiffs must allege facts that would demonstrate the Defendants acted with a desire to harm the Plaintiffs *independent of and unrelated to their own interests*. *Guice v. Sentinel Technologies, Inc.*, 294 Ill.App.3d 97, 107 (Ill. App. 1997). Since the Complaint contains no such allegations, the claim for tortious interference in Count III must be dismissed.

## Conclusion

As all four of the causes of action in Plaintiffs' complaint fail to state a claim upon which relief may be granted by virtue of the fact that they are deficient as a matter of law, the Court should dismiss them.

                                    Respectfully submitted,

                                    Gram Technology, Inc., and Jes Gram

Date: April 9, 2008                 By: s/ Edward J. Chalfie
                                               One of their attorneys

Edward J. Chalfie
Ladas & Parry LLP
224 S. Michigan Ave.
Suite 1600
Chicago, Illinois 60604
Phone: 312-427-1300
E-Mail: Chalfie@Ladas.net

**CERTIFICATE OF SERVICE**

I, Edward J. Chalfie, hereby certify that on April 9, 2008, I electronically filed the foregoing **Memorandum in Support of Defendants' Motion to Dismiss Under Rule 12(b)(6), Fed. R. Civ. P.** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

| | |
|---|---|
| Gary Melchior Ropski | Email: gropski@usebrinks.com |
| Jeffry M Nichols | Email: jnichols@usebrinks.com |
| Timothy P. Lucier | Email: tlucier@usebrinks.com |

s/ Edward J. Chalfie