Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

Logan Graphic Products, Inc. v. Textus USA, Inc.
N.D.Ill.,2002.

United States District Court,N.D. Illinois, Eastern Division.
LOGAN GRAPHIC PRODUCTS, INC. Plaintiffs,
v.
TEXTUS USA, INC. (d/b/a Textus Industries, Inc. and Textus Art and Craft), and David Smith Defendants.
**No. 02 C 1823.**

Nov. 8, 2002.

Manufacturer brought action against competitor alleging violations of Lanham Act and Illinois Uniform Deceptive Trade Practices Act (UDTPA), and unfair competition. Competitor counterclaimed alleging violations of Lanham Act and UDTPA, tortious interference with economic opportunity, defamation, and unfair competition. On manufacturer's motion to dismiss counterclaims, the District Court, Plunkett, J., held that: (1) competitor's allegations were sufficient under Lanham Act to address requirement that manufacturer's statements were false and misleading; (2) competitor sufficiently alleged under Lanham Act that it was likely to be harmed by allegedly false advertising; (3) competitor sufficiently stated claim against manufacturer under UDTPA; (4) competitor sufficiently stated tortious interference with economic opportunity claim.

Motion granted in part and denied in part.

West Headnotes

**[1] Antitrust and Trade Regulation 29T ⇌77**

29T Antitrust and Trade Regulation
　　29TII Unfair Competition
　　　　29TII(B) Actions and Proceedings
　　　　　　29Tk74 Pleading
　　　　　　　　29Tk77 k. Defenses; Answer and Counterclaim. Most Cited Cases
　　(Formerly 382k864 Trade Regulation)
Allegations made in competitor's counterclaim, that manufacturer's statements were false and that manufacturer had neither obtained nor seen products which were subject of its statements, and therefore presumably had no basis on which to make such statements, and that manufacturer represented that it possessed certain intellectual property rights, rights which competitor alleged manufacturer did not have, were sufficient under Lanham Act to address requirement that manufacturer's statements were false and misleading. Lanham Trade-Mark Act, § 1 et seq., 15 U.S.C.A. § 1051 etseq.

**[2] Antitrust and Trade Regulation 29T ⇌22**

29T Antitrust and Trade Regulation
　　29TII Unfair Competition
　　　　29TII(A) In General
　　　　　　29Tk21 Advertising, Marketing, and Promotion
　　　　　　　　29Tk22 k. In General. Most Cited Cases
　　(Formerly 382k870(1) Trade Regulation)
While the level of circulation required to constitute advertising and promotion will undeniably vary from industry to industry, it is not necessary that the ultimate consumer be on the receiving end of the false and misleading statements, in order to make a claim of unfair competition under the Lanham Act. Lanham Trade-Mark Act, § 1 et seq., 15 U.S.C.A. § 1051 etseq.

**[3] Antitrust and Trade Regulation 29T ⇌19**

29T Antitrust and Trade Regulation
　　29TII Unfair Competition
　　　　29TII(A) In General
　　　　　　29Tk19 k. Representations, Assertions, and Descriptions in General. Most Cited Cases
　　(Formerly 382k870(1) Trade Regulation)
In context of claim of unfair competition in violation of Lanham Act, if a statement by a defendant is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Page 2
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

Case 1:08-cv-00969    Document 26-5    Filed 05/07/2008    Page 2 of 10

actually false, then the plaintiff does not need to show that the statement either deceived, or is likely to deceive, a substantial segment of the audience; it is only where a statement is true or ambiguous that one needs to demonstrate confusion on the part of the audience. Lanham Trade-Mark Act, § 1 et seq., 15 U.S.C.A. § 1051 etseq.

**[4] Antitrust and Trade Regulation 29T ☞77**

29T Antitrust and Trade Regulation
    29TII Unfair Competition
        29TII(B) Actions and Proceedings
            29Tk74 Pleading
                29Tk77 k. Defenses; Answer and Counterclaim. Most Cited Cases
   (Formerly 382k870(1) Trade Regulation)
At pleading stage, allegations made by competitor, as plaintiff, in counterclaim, that it would be injured by way of lost sales and lost opportunities, among other things, and that statements by manufacturer, as defendant, caused damage to competitor's reputation and goodwill at critical point when it was attempting to enter into new product market, sufficiently alleged under Lanham Act that it was likely to be harmed by alleged false advertising. Lanham Trade-Mark Act, § 1 et seq., 15 U.S.C.A. § 1051 etseq.

**[5] Antitrust and Trade Regulation 29T ☞165**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(B) Particular Practices
            29Tk165 k. Representations Concerning Others or Their Products; Disparagement. Most Cited Cases
   (Formerly 382k864 Trade Regulation)

**Antitrust and Trade Regulation 29T ☞178**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(B) Particular Practices
            29Tk178 k. Assertion of Rights. Most Cited Cases
   (Formerly 382k864 Trade Regulation)
Competitor sufficiently stated claim against manufacturer under Illinois Uniform Deceptive Trade Practices Act (UDTPA), by alleging that manufacturer made statements to retailers and distributors throughout United States that competitor's products were "knock-offs," did not work, and were inferior in production and operation, that those statements were made even though manufacturer had not seen nor obtained any product prototype from competitor, and that manufacturer suggested that it still possessed intellectual property rights in products at issue while specifically naming competitor's products. S.H.A. 815 ILCS § 510/1 et.seq.

**[6] Torts 379 ☞255**

379 Torts
    379III Tortious Interference
        379III(B) Business or Contractual Relations
            379III(B)3 Actions in General
                379k255 k. Pleading. Most Cited Cases
   (Formerly 379k26(1))
Competitor in new market sufficiently stated claim of tortious interference with economic opportunity under Illinois law against manufacturer, even though competitor did not name any particular party with whom it had reasonable expectancy of business relationship, by alleging that it had successfully entered other new markets in past, that manufacturer's activities caused prospective customers and others who were, or might be, doing business with competitor to refrain from doing business with competitor, and that manufacturer intimidated those prospective customers from purchasing competitor's products or from doing any business with competitor.

**[7] Torts 379 ☞241**

379 Torts
    379III Tortious Interference
        379III(B) Business or Contractual Relations

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00969   Document 26-5   Filed 05/07/2008   Page 3 of 10

Not Reported in F.Supp.2d Page 3
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

379III(B)2 Particular Cases
379k241 k. Business Relations or Economic Advantage, in General. Most Cited Cases
(Formerly 379k26(1))

Manufacturer's defense of competitor's privilege, to competitor's claim of tortious interference with economic opportunity under Illinois law, which was available to manufacturer if it could show that its conduct was not motivated solely by spite or ill will, was not applicable at pleading stage of litigation, since competitor alleged that manufacturer's "malicious" activities were intentional, "with the intent to harm" and with purpose of intimidating competitor's prospective customers.

**[8] Libel and Slander 237 🔑89(2)**

237 Libel and Slander
  237IV Actions
    237IV(B) Parties, Preliminary Proceedings, and Pleading
      237k79 Declaration, Complaint, or Petition
        237k89 Special Damage
          237k89(2) k. Sufficiency in General. Most Cited Cases

**Pretrial Procedure 307A 🔑690**

307A Pretrial Procedure
  307AIII Dismissal
    307AIII(B) Involuntary Dismissal
      307AIII(B)6 Proceedings and Effect
        307Ak690 k. Dismissal with or Without Prejudice. Most Cited Cases

Allegations made by competitor, that manufacturer impugned reputation, goodwill, and name of competitor as well as its products, was not sufficient under Illinois law to state claim for defamation perquod, since competitor failed to plead special damages with required particularity; however, claim was dismissed without prejudice, since competitor might have been able later to allege special damages.

**[9] Libel and Slander 237 🔑85**

237 Libel and Slander
  237IV Actions
    237IV(B) Parties, Preliminary Proceedings, and Pleading
      237k79 Declaration, Complaint, or Petition
        237k85 k. Setting Out Defamatory Matter. Most Cited Cases

Competitor sufficiently stated claim for defamation per se against manufacturer under Illinois law by alleging that manufacturer suggested that competitor was violating manufacturer's intellectual property rights, and by alleging that manufacturer stated that competitor's products were inferior in production and operation, and that they did not work, even though manufacturer had not seen nor obtained prototype of competitor's products.

**[10] Antitrust and Trade Regulation 29T 🔑77**

29T Antitrust and Trade Regulation
  29TII Unfair Competition
    29TII(B) Actions and Proceedings
      29Tk74 Pleading
        29Tk77 k. Defenses; Answer and Counterclaim. Most Cited Cases
(Formerly 382k564 Trade Regulation)

🔑1838

170A Federal Civil Procedure
  170AXI Dismissal
    170AXI(B) Involuntary Dismissal
      170AXI(B)5 Proceedings
        170Ak1837 Effect
          170Ak1838 k. Pleading Over. Most Cited Cases
(Formerly 382k564 Trade Regulation)

Competitor failed to state unfair competition claim against manufacturer under Illinois law, since competitor's allegations did not suggest that manufacturer misappropriated anything from competitor through fraud or deception, or that parties had any kind of special relationship through which manufacturer would have had access to any of competitor's secrets, ideas, strategies, or products; however,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00969    Document 26-5    Filed 05/07/2008    Page 4 of 10    Page 4

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

counterclaim was dismissed without prejudice, since competitor might have been able to amend its counterclaim to state claim for unfair competition.

*MEMORANDUM OPINION AND ORDER*

PLUNKETT, J.

***1** Logan Graphic Products, Inc. ("Logan") has filed a complaint against Textus USA, Inc. (d/b/a Textus Industries, Inc. and Textus Art and Craft) and David Smith, CEO and owner of Textus USA, Inc. (collectively, the "Defendants"), alleging violations of the Lanham Act, 15 U.S.C. § 1051*etseq.*, violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1*etseq.* and unfair competition. Textus Industries, Inc. ("Textus") has filed a counterclaim, alleging violations of the Lanham Act (Count I), violations of the Illinois Uniform Deceptive Trade Practices Act (Count II), tortious interference with economic opportunity (Count III), defamation (Count IV) and unfair competition (Count V). Logan has moved to dismiss Textus' counterclaim in its entirety. For the reasons provided in this Memorandum Opinion and Order, Logan's motion is granted with respect to Count V and granted in part with respect to Count IV. Logan's motion with respect to the other counts is denied.

*Background*

The counterclaim alleges the following facts which, for the purposes of this motion, we accept as true. *SeeLabor Ready v. Williams Staffing, LLC,* 149 F.Supp.2d 398, 404 (N.D.Ill.2001). Textus is an Illinois corporation with its principal place of business in Peoria, Illinois. It is engaged in the import, manufacture, marketing and sale of a variety of products to retailers throughout the United States, including products used in the arts and crafts industry. Logan is also an Illinois corporation, with its principal place of business in Wauconda, Illinois. Logan manufactures, markets and sells picture mat cutting tools to retailers throughout the United States.

Logan has obtained patents on some of its products, including the # 301 and # 401 mat cutters, but the patents on these mat cutters have expired. Thus, other manufacturers are entitled to copy the "off-patent" aspects of the # 301 and # 401. Textus, seeing an opportunity to enter into a new market, plans to introduce its own line of mat cutters. Specifically, Textus plans to introduce the HomePro and the StudioPro, designed to compete with the # 301 and # 401, respectively. Textus has used some of the functional aspects of the # 301 and # 401 in designing its own products. When Logan learned of Textus' products, it resolved to prevent Textus from entering the picture mat cutting tool market by preventing Textus from attending a trade show and preventing it from marketing prototypes of its products. To achieve this, Logan told retailers and distributers throughout the United States the following:

(1) that Textus was "knocking-off" Logan's products, down to every last detail;

(2) that Textus' products were inferior in production and operation;

(3) that Textus' products did not work;

(4) that Textus was "palming-off" its own products as products of Logan; and

(5) that it (Logan) had certain intellectual property rights in the products at issue.

**\*2** (Countercl.¶ 10.) Textus alleges that each of the above statements is false and that Logan made these remarks while specifically mentioning Textus' products, without having seen or obtained any Textus product prototype which Textus intends to market and sell in the United States. (Countercl.¶ 11.) Textus alleges that Logan also disparaged its products in other ways (Countercl.¶ 10) and that Logan engaged in these actions to maintain its dominant market position and prevent competition from Textus. (Countercl.¶ 11.) Textus has sued Lo-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Case 1:08-cv-00969 Document 26-5 Filed 05/07/2008 Page 5 of 10 Page 5
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

gan for violation of Section 43(a) of the Lanham Act (Count I), violation of the Illinois Uniform Deceptive Trade Practices Act (Count II), tortious interference with economic opportunity (Count III), defamation (Count IV) and unfair competition (Count V).

*The Legal Standard*

The standard for a motion to dismiss a counterclaim is identical to the standard for a motion to dismiss a complaint. Fed.R.Civ.P. ("Rule") 12(b). On a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1019 (7th Cir.1992). The plaintiff need not include a detailed outline of a claim's basis. He must, nevertheless include "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."*Carr Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101,1106 (7th Cir.1984), *cert.denied,*470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."*Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

*Discussion*

Textus first argues that Logan's motion to dismiss was not timely because it was not filed within twenty days plus three additional days as required by Rules 6 and 12(a)(2). Although the on-line docket indicates the motion was filed on May 27, 2002, Logan has a stamped copy of the motion indicating it was filed on May 17. Under Rule 12(a)(4), this Court has some discretion with respect to filing dates and we consider the motion to be timely. *See**Rossi Distrib., Inc. v. Lavazza Premium Coffees Corp.,* 2002 WL 31207324 (N.D.Ill. Oct.2, 2002). In any event, Textus does not suffer any significant prejudice by this Court's consideration of Logan's motion.

*Count I: Unfair Competition in Violation of Section 43(a) of the Lanham Act*

Section 43(a) of the Lanham Act reaches a wide range of unfair competitive practices. Its original intent was to address trademark infringement, but its scope was broadened in 1988 to encompass unfair competition. *Truck Components, Inc. v. K-H Corp.,* 776 F.Supp. 405, 408 (N.D.Ill.1991). The current version of § 43(a) states:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

*3 (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1) (1998).

To state a claim for false advertising under § 43(a), Textus must allege that Logan's advertisements were: "(1) false and misleading, (2) actually or likely to deceive a substantial segment of their audience, (3) material in their effects on purchasing decisions, (4) touting goods that entered interstate commerce, and (5) actually or likely to injure [Textus]."*Truck Components, Inc.,* 776 F.Supp. at 408.

Logan claims that Textus has failed to properly plead its Lanham Act claim. Specifically, Logan ar-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

gues that (1) Textus failed to allege facts which "prove" that the advertised statement was false and misleading; (2) Textus failed to properly plead that the statements were disseminated to the "relevant purchasing public"; (3) retailers and distributors would not accept at face value, and thus could not be deceived by, claims of a manufacturer with respect to a competitor's product; and (4) Textus did not properly plead that it is likely to be harmed by the allegedly false advertising. (Mem. Law Supp. Mot. Dismiss at 3-4.)

[1] Logan's motion fails on all four points with respect to this count. Notice pleading under the Federal Rules of Civil Procedure does not demand that Textus plead facts to match every element of a legal theory. *SeeBennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998). It is enough that Textus briefly describe the events giving rise to its claim. It then receives the "benefit of imagination, so long as the hypotheses are consistent with the complaint."*Republic Tobacco, L.P. v. North Atl. Trading Co.,* 1999 WL 261712, at *4 (N.D.Ill. Apr.9, 1999) (internal citation omitted). With respect to Logan's first point, Textus has alleged that Logan's statements were false and that Logan had neither obtained nor seen the products which are the subject of its statements, and therefore presumably has no basis on which to make such statements. In addition, Textus has alleged that Logan has been representing that it (Logan) possesses certain intellectual property rights, rights which Textus alleges Logan does not have. These allegations are sufficient to address the requirement that Logan's statements are false and misleading.

[2] As for Logan's argument that Textus has not "state[d] facts which prove, among other things, that the alleged statements were sufficiently disseminated to the relevant purchasing public" (Mem. Law Supp. Mot. Dismiss at 3), we find that Textus has satisfied its burden. Again, Textus is not required to plead specific facts in its counterclaim. *SeeBennett,* 153 F.3d at 518. Textus has alleged that Logan communicated the statements to "retailers and distributers throughout the United States."(Countercl.¶ 11.) This is sufficient to withstand Logan's motion on this point. *SeeLampi Corp. v. Am. Power Prod., Inc.,* 1994 WL 501996, at *2 (N.D.Ill. Sept.12, 1994) (finding that an allegation that a counter-defendant made misrepresentations "in sales presentations to customers and potential customers" was sufficient to allege misrepresentations made in commercial advertising or promotion). The case relied upon by Logan in its motion, *Johnson Controls, Inc. v. Exide Corp.,* 152 F.Supp.2d 1075 (N.D.Ill.2001) concerns a misrepresentation made to a single customer during the negotiation for a supply contract and does not speak to the facts in this case. While "the level of circulation required to constitute advertising and promotion will undeniably vary from industry to industry,"*Am. Needle & Novelty, Inc. v. Drew Pearson Mktg., Inc.,* 820 F.Supp. 1072, 1078 (N.D.Ill.1993), it is not necessary that the ultimate consumer be on the receiving end of the false and misleading statements. *Seeid.* at 1077.*SeealsoRepublic Tobacco,* 1999 WL 26172, at *8 (finding that an allegation that misleading statements "were made to a substantial number of middlemen" was sufficient to state a claim under § 43(a) of the Lanham Act).

*4 [3] Logan argues that Textus has not pleaded any facts "that could possibly prove that one or more individuals or companies have actually been, or are likely to be, deceived" by its statements. (Mem. Law Supp. Mot. Dismiss at 4.) Textus does not need to plead any facts to this effect. If a statement at issue is actually false, which Textus alleges is the case, then Textus does not need to show that the statement either deceived or is likely to deceive a substantial segment of the audience. *SeeB. Sanfield, Inc. v. Finlay Fine Jewelry Corp.,* 168 F.3d 967, 971 (7th Cir.1999). It is only where a statement is true or ambiguous that one needs to demonstrate confusion on the part of the audience. *Seeid.*In any event, Textus does allege that Logan has made these statements in an effort to influence potential customers against purchasing Textus'

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                Page 7
Case 1:08-cv-00969    Document 26-5    Filed 05/07/2008    Page 7 of 10
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

products before the customers have a chance to evaluate the products themselves. (Countercl.¶ 16.) Construing the pleadings liberally, as we are required to do, *seeAm. Needle,* 820 F.Supp. at 1075, one could conclude that making these statements about Textus' products and Textus itself could influence retailers and distributors to stay with the established, dominant manufacturer of these products and avoid doing business altogether with a new, unknown player.

[4] Logan also argues that the Textus has not sufficiently alleged that it is likely to be harmed by the allegedly false advertising. Logan requires too much of Textus at this stage in the litigation. Textus need only allege that the false and misleading statements will likely injure it "in terms of declining sales, loss of goodwill, or in another similar way."*Am. Bankcard Ctr., Inc. v. Peach Tree Bancard Corp.,* 1993 WL 286479, at *2 (N.D.Ill. July 28, 1993) (internal citations omitted). In its counterclaim, Textus alleges that it will be "injured by way of lost sales and lost opportunities, among other things" and that Logan's statements have caused damage to "its reputation and goodwill at the critical point when it is attempting to enter into a new product market."(Countercl.¶ 18.)

Because the counterclaim sets forth the necessary elements to state a claim upon which relief may be granted under § 43(a) of the Lanham Act, Logan's motion to dismiss as to Count I is denied.

*Count II: Deceptive Trade Practices*

[5] To state a claim under the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS § 510/1*et.seq.,* Textus must allege that Logan publicized untrue or misleading statements that disparaged Textus' goods or services. *SeeLabor Ready,* 149 F.Supp.2d at 413. Accordingly, Textus has alleged that "Logan has made false and misleading statements of facts which disparaged the goods, services and business of Textus...." (Countercl. ¶ 26 .) As an example, Textus refers to Logan's alleged statements to retailers and distributors throughout the United States that, among other things, Textus' products were "knock-offs," did not work and were inferior in production and operation. These statements were made even though Logan had not yet seen nor obtained any Textus product prototype. In addition, the counterclaim refers to Logan's statements suggesting that Logan still possessed intellectual property rights in the products at issue. Textus alleges that when these statements were made, Logan specifically named Textus' products.

**\*5** Logan argues that Textus has not pleaded any facts that would support Textus' conclusion that the statements were false. At the most, argues Logan, it engaged in "puffing," the accepted practice of making vague, general quality claims about a product. We disagree. Textus' allegations, as described above, are sufficient to withstand Logan's motion to dismiss on this count. Logan's motion to dismiss as to Count II is denied.

*Count III: Tortious Interference with Economic Opportunity*

To state a claim for tortious interference with economic opportunity, Textus must allege that (1) it had a reasonable expectancy of a valid business relationship with a third party; (2) Logan knew of this prospective business relationship; (3) Logan intentionally interfered with the prospective business relationship so that the relationship never materialized; and (4) that it suffered damages as a result of Logan's interference. *SeeLabor Ready,* 149 F.Supp.2d at 410.

[6] Logan argues that Textus has failed to allege any element of this tort, specifically that Textus has not named a party with whom it had a reasonable expectancy of a business relationship. Logan is correct in that Textus has not specifically named such a party. Instead, Textus has alleged that, because it had successfully entered other new markets in the past, it had a reasonable likelihood of significant prospective economic advantage with respect to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Case 1:08-cv-00969 Document 26-5 Filed 05/07/2008 Page 8 of 10 Page 8
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

these new products. (Countercl.¶ 32.) It has also alleged that Logan's activities caused "prospective customers and others who were or might be doing business with Textus" to refrain from doing business with Textus and that Logan "intimidate[d] those prospective customers from purchasing Textus' products or from doing any business with Textus."(Countercl.¶ 31.)

Textus' failure to name any particular party is not fatal to its complaint. Consistent with the requirement of the Federal Rules, Textus' reference to "prospective customers" is sufficient. *SeeCook v. Winfrey,* 141 F.3d 322, 328 (7th Cir.1998) (stating that "[t]he Federal Rules do not require that [Textus'] complaint allege the specific third party or class of third parties with whom [it] claims to have had a valid business expectancy").

[7] Logan next raises the defense of competitor's privilege, which is available to Logan if it can show that its conduct was not motivated "solely by spite or ill will."*Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.,* 192 F.3d 724, 731 (7th Cir.1999). The defense is not applicable at this stage of the litigation, though, because Textus has alleged in its counterclaim that Logan's "malicious" activities were intentional, "with the intent to harm" and with the purpose of intimidating Textus' prospective customers. (Countercl.¶¶ 31, 36.) Given these allegations, Count III survives Logan's motion despite Logan's potential defense. Logan's motion with respect to Count III is denied.

*Count IV: Defamation*

**\*6** A statement is considered defamatory if it harms the reputation of another such that the person is lowered in the eyes of the community or deters others from associating with him. *Van Horne v. Muller,* 185 Ill.2d 299, 235 Ill.Dec. 715, 705 N.E.2d 898, 903 (Ill.1999). The statement may be defamatory *perse* or defamatory *perquod.SeeKolegas v. Heftel Broad, Corp.,* 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201, 206 (Ill.1992). Statements are considered defamatory *perse* if they, *interalia,* prejudice a party in his trade, profession or business. *Seeid.*Such statements are so obviously harmful and damaging to the plaintiff that damages are presumed; no showing of injury or special damages is required. *SeeManion v. Lima Mem'l Hosp.,* 1994 WL 178316, at \*4 (N.D.Ill. May 9, 1994). Statements are considered defamatory *perquod* if their defamatory nature is not readily apparent and extrinsic facts are required to explain the defamatory meaning. *Seeid.*In this case, damage to the plaintiff is not so obvious and the plaintiff must plead and prove special damages. *Seeid.*

[8] Textus' counterclaim has not stated an action for defamation *perquod* because Textus has failed to plead special damages with the required particularity. *Seeid.* at \*5. Textus claims that, by making the statements at issue, Logan has "impugned the reputation, goodwill and name of Textus a [sic] well as its products."(Countercl.¶ 41.) These general allegations of damage to reputation are not sufficient to state a cause of action for defamation *perquod.SeeSchaffer v. Zekman,* 196 Ill.App.3d 727, 143 Ill.Dec. 916, 554 N.E.2d 988, 993 (Ill.App.Ct.1990) (discussing cases where Illinois courts have found that allegations of "damage to an individual's health or reputation, economic loss, and emotional distress" and allegations of damage to "good name, reputation and business" do not, in either case, support an action for defamation *perquod* ). Thus, Logan's motion to dismiss with respect to a claim for defamation *perquod* is granted. As Textus may be able to allege special damages, this portion of Textus' counterclaim is dismissed without prejudice.

[9] We do find, however, that Textus has stated a claim for defamation *perse.*Logan's statements about Textus' products (*i.e.,* their inferior production and operation, and that they do not work) and its suggestions that Textus was violating Logan's intellectual property rights could fall into one of the categories of statements that are considered defamation *perse* (*i.e.,* words that prejudice a party or im-

Not Reported in F.Supp.2d  Case 1:08-cv-00969    Document 26-5    Filed 05/07/2008    Page 9 of 10    Page 9
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 31507174)**

pute lack of ability, in one's trade, profession or business).*SeeKolegas,* 180 Ill.Dec. 307, 607 N.E.2d at 207. The statements referring to Textus' products imply that Textus' products are inferior in every way to Logan's (or to anyone else's in that they "do not work"). The statements about Logan's intellectual property rights call into question Textus' ethics as a business operation. Statements such as these made by an established manufacturer, one who has a dominant position in the market for these products, could certainly prejudice another trying to establish itself with a new product in an existing market. Distributers and retailers may be tempted to simply stay with a known and trusted manufacturer. No injury is required to be shown when making a claim for defamation *perse* as injury is presumed based on the nature of the statements made. *SeeWalls v. Lombard Police Officers,* 2000 WL 631302, at *3 (N.D.Ill. May 12, 2000).

**\*7** As for Logan's argument that Textus has not addressed the requisite "falsity" of Logan's statements, Textus has alleged that Logan had not seen nor obtained a prototype of Textus' products, yet Logan made statements about the products' quality and operation. (Countercl.¶ 12.) This allegation could support a finding that Logan made the statements negligently, *seeKuwik v. Starmark Star Mktg. & Admin., Inc.,* 156 Ill.2d 16, 188 Ill.Dec. 765, 619 N.E.2d 129, 133 (Ill.1993), or without "reasonable grounds" for believing the statements to be true. *SeeKlug v. Chicago School Reform Bd. of Trustees,* 197 F.3d 853, 860 (7th Cir.1999). Logan's motion to dismiss Count IV with respect to a claim of defamation *perse* is denied.

*Count V: Common Law Unfair Competition*

When making its claim for unfair competition, Textus mirrors the allegations it sets forth in its UDTPA claim (Count II), except that the requested relief differs.[FN1] Logan argues that the form of relief requested is not enough to make out a separate claim, and asks this Court to dismiss Count V on that basis. (Mem. Law Supp. Mot. Dismiss at 7.) Textus responds by stating that the availability of different relief under each theory is sufficient to make out a distinct claim. (Resp. Mot. Dismiss at 10.) While the UDTPA has codified the law of unfair competition generally, certain causes of action for unfair competition may still be found outside the statute. *SeeHycor Corp., v. Dontech, Inc.,* 1985 WL 3604, at *3 (N.D.Ill. Oct.31, 1985); *Custom Bus. Sys., Inc. v. Boise Cascade Corp.*, 68 Ill.App.3d 50, 24 Ill.Dec. 801, 385 N.E.2d 942 (Ill.App.Ct.1979). However, even if we agree with Textus on this issue in general, we find that Textus has not sufficiently alleged a claim of unfair competition.

> FN1. In Count II, Textus requests injunctive relief. In Count V, Textus requests damages.

[10] The elements necessary to support a cause of action for unfair competition are not well defined. *SeeCustom Bus. Sys., Inc.,* 24 Ill.Dec. 801, 385 N.E.2d at 944. The Seventh Circuit has looked to New York state law for clarification on the issue, and found that New York courts require a showing:

(1) that the defendant obtained access to the idea through an abuse of a fiduciary or confidential relationship with the plaintiff or via some sort of fraud or deception ... and

(2) that the defendant's use of the idea deprived the plaintiff of the opportunity to reap its due profits on the idea....

*SeeWilson v. Electro Marine Sys. Inc.,* 915 F.2d 1110, 1119 (7th Cir.1990) (quoting *Werlin v. Reader's Digest Ass'n, Inc.*, 528 F.Supp. 451, 464 (S.D.N.Y.1981)). Courts in this district have generally required a showing of "the misappropriation of the labors and expenditures of another, *i.e.,* one party reaps where another has sown."*Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc.,* 988 F.Supp. 1194, 1200 (N.D.Ill.1998); *seealsoLynch Ford. Inc. v. Ford Motor Co., Inc.,* 957 F.Supp. 142, 146 (N.D.Ill.1997).*ButseeZenith*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Elec. Corp. v. Exzec, Inc.,* 1997 WL 798907 (N.D.Ill.Dec.24, 1997) (equating an unfair competition claim with a claim for tortious interference with prospective economic advantage).[FN2] Using the "misappropriation" standard as a guide and construing the pleadings liberally, the Court finds that Textus' counterclaim does not support an unfair competition claim. Textus' allegations do not suggest that Logan misappropriated anything from Textus through fraud or deception, or that the parties had any kind of a special relationship through which Logan would have had access to any of Textus' secrets, ideas, strategies or products.

> FN2. In this case, the court found that an action for common law unfair competition "as it applies to circumstances arising from alleged interference with third party relations-apparently falls under the rubric of tortious interference with prospective economic advantage."*See id.* at *14. Even if we look to the *Zenith* court for guidance on evaluating Textus' general unfair competition claim, the result would not differ substantively, as Count III of Textus' counterclaim sufficiently alleges this tort specifically.

**\*8** Logan's motion to dismiss Count V of Textus' counterclaim is granted. Because Textus may be able to amend its counterclaim to state a claim for unfair competition, Count V of Textus' counterclaim is dismissed without prejudice.

*Conclusion*

For the reasons set forth above, Logan's motion to dismiss the claims asserted against it by Textus is denied with respect to the Lanham Act violation (Count I), the Illinois UDTPA violation (Count II) and the tortious interference with economic opportunity claim (Count III). The motion is granted in part and denied in part with respect to the defamation claim (Count IV). The motion is granted with respect to the unfair competition claim (Count V). Textus' claims with respect to defamation *per quod* and unfair competition are dismissed without prejudice.

N.D.Ill.,2002.
Logan Graphic Products, Inc. v. Textus USA, Inc.
Not Reported in F.Supp.2d, 2002 WL 31507174 (N.D.Ill.), 2003-1 Trade Cases P 73,915

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.