Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 664945)**

Hot Wax, Inc. v. Grace-Lee Products, Inc.
N.D.Ill.,1998.

United States District Court, N.D. Illinois.
HOT WAX, INC., Plaintiff,
v.
GRACE-LEE PRODUCTS, INC. Defendant.
**No. 97 C 6882.**

Sept. 15, 1998.

MEMORANDUM OPINION AND ORDER

NORDBERG, J.

***1** The parties to this action both manufacture products for use in the auto-care industry. Plaintiff Hot Wax, Inc. ("Hot Wax") is a Wisconsin corporation with its principal place of business in Racine, Wisconsin. Hot Wax has filed a two count complaint against Defendant Grace-Lee Products, Incorporated ("Grace-Lee"), a Minnesota corporation transacting business within the Northern District of Illinois. Count I alleges that, beginning in the 1970's and continuing until today, Grace-Lee has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count II prays for preliminary and permanent injunctive relief against Grace-Lee to remedy the harms alleged in Count I.

Now before the Court is Grace-Lee's motion to dismiss Count I of the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. As a part of this motion, Grace-Lee contends that Hot Wax has failed to meet the pleading requirements for fraud cases, as specified in Fed. R. Civ. P 9(b). Alternatively, Grace-Lee requests that the Court order Hot Wax to file a more definite statement. *See* FED. R. CIV. P. 12(e). Grace-Lee further argues that, to the extent that the alleged misrepresentations predate the statute of limitations period for Lanham Act violations, Hot Wax's claim should be barred.

DISCUSSION

*A. Defendant's 12(b)(6) Motion to Dismiss*

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *See Adams v. Cavanaugh Communities Corp.,* 847 F.Supp. 1390, 1396 (N.D.Ill.1994). In order to survive a motion to dismiss, a complaint must allege sufficient facts to outline a cause of action. *Davis v. Frapolly,* 747 F.Supp. 451 (N.D.Ill.1989). The complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory."*Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.,* 758 F.2d 203, 207 (7th Cir.1985).

When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230,* 991 F.2d 1316, 1324 (7th Cir.1993). However, the Court need not accept as true conclusory legal allegations. *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir.1994). Evaluating the legal sufficiency of a plaintiff's factual allegations requires courts to adhere to a strict standard. A court may grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1994)."The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test."*Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir.1995) (citing *Scheuer v.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Case 1:08-cv-00969    Document 26-9    Filed 05/07/2008    Page 2 of 5    Page 2
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 664945)**

*Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

1. *Section 43(a) of the Lanham Act*

**\*2** Grace-Lee's 12(b)(6) motion to dismiss first alleges that Hot Wax has failed to state a claim actionable under Section 43(a) of the Lanham Act. Section 43(a) reaches a wide array of unfair competitive practices, including false advertising and affirmative misrepresentations about one's own products. *Truck Components, Inc. v. K-H Corp.,* 776 F.Supp. 405, 409 (N.D.Ill.1991).[FN1] To successfully state a claim for false advertising under this Section, the plaintiff must allege: (1) the defendant has made false statements of fact as to its own products or services; (2) those statements actually deceived or had a tendency to deceive a substantial section of their audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant's falsely advertised goods have entered interstate commerce; and (5) there exists a likelihood of injury, stemming either from a decline in sales or a loss in good will. *Grove Fresh Distrib. v. New England Apple Prod.,* 969 F.2d 552, 557 (7th Cir.1992) (citing *Skil Corp. v. Rockwell International Corp.,* 375 F.Supp. 777, 783 (N.D.Ill.1974)).

> FN1. The statute reads, in relevant part:
>
> (a) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
>
> 15 U.S.C. § 1125(a).

Hot Wax has successfully pled the requisite five elements of a Section 43(a) false advertising claim. First, Hot Wax has alleged that Grace-Lee deceptively and falsely advertised and promoted several auto-care products as "wax" when they do not contain wax of any kind, natural or synthetic, and do not have any of the properties or characteristics commonly associated with wax in the auto-care industry. (Compl.¶¶ 12-14, 16-18.) Second, Hot Wax has pled that these misrepresentations actually deceived or tended to deceive a substantial number of their intended audience. (Compl.¶ 19.) Third, Hot Wax's complaint alleges that Grace-Lee's deceptive practices are material because they are likely to influence the purchasing decisions of customers. (Compl.¶ 22.) Fourth, Hot Wax has alleged that Grace-Lee's misrepresentations were made in interstate commerce. (Compl.¶¶ 6-7, 21.) Fifth, Hot Wax has pled that these misrepresentations have caused it to lose customers and product sales, resulting in substantial business losses. (Compl.¶¶ 23.) Taking these allegations as true, as is required when considering a motion to dismiss, the Court finds that Hot Wax's complaint contains the requisite elements of a Section 43(a) claim.

The Court refuses to accept Grace-Lee's invitation to examine the merits of Hot Wax's claim and notes that Grace-Lee's attempt to debate the definitional nuances of the term "wax" is inappropriate at this stage in the litigation. Nothing in the complaint suggests that Hot Wax is seeking to monopolize use of the term "wax" in the auto-care industry; rather, Hot Wax has simply alleged that Grace-Lee falsely used "wax" to describe its own products. Consequently, in this context, it is irrelevant whether or not "wax" is a generic term. As Hot Wax has aptly noted, "[e]ven with a generic term-such as pen-one cannot advertise a pencil as a pen."(Resp. to Mot. for Jud. Not. of Adm. 8).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                  Page 3
Case 1:08-cv-00969    Document 26-9    Filed 05/07/2008    Page 3 of 5
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 664945)**

*\*3* Moreover, a motion for summary judgment, not a 12(b)(6) motion to dismiss, is the proper vehicle for analyzing whether a word or phrase is generic. *SeeEnergy Servs. Air Conditioning & Heating Co., Inc. v. Nicor, Inc.,* 46 U.S.P.Q. 1639 (N.D.Ill.1997) (examining at summary judgment dictionary definitions and yellow pages usage to determine whether the terms "energy" and "energy services" were generic); *see alsoMarilyn Miglin Model Makeup, Inc. v. Jovan, Inc.,* 223 U.S.P.Q. 634 (N.D.Ill.1983) (granting summary judgment for defendant where plaintiff attempted to prevent defendant's use of the generic phrase "pheremone-based" to describe perfume). Analyzing the "generic"-ness of a word or phrase requires the Court to examine evidence outside the pleadings, which is improper when considering a 12(b)(6) motion to dismiss. *SeeAlioto v. Marshall Field's & Co.,* 77 F.3d 934, 936 (7th Cir.1996).

2. *Rule 9(b)*

Generally, under federal notice pleading, a complaint must include only a "short and plain statement of the claim."Fed. R. Civ. Proc. 8(a). However, Grace-Lee argues that Hot Wax's complaint falls under the Rule 9(b) exception for fraud claims, which requires that the circumstances surrounding the fraud be pled with particularity. Fed.R.Civ.P. 9(b); *Banker's Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 682 (7th Cir.1992). To meet this standard, a plaintiff alleging fraudulent misconduct must state "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated."*Banker's Trust,* 959 F.2d at 683. In other words, Rule 9(b) requires the plaintiff to include "the 'who, what, when, and where' of the alleged fraud."*Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1992).

Despite this heightened standard, Rule 9(b) must not be read blindly. For instance, it still must be interpreted in conjunction with Rule 8(a).*Fujisawa Pharm. Co. Ltd. v. Kapoor,* 814 F.Supp. 720, 726 (N.D.Ill.1993) (citing *Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975)). The result is that, while a complaint must provide the "who, what, when, and where" of the alleged fraud, the plaintiff need not plead evidence. *Id.,* 814 F.Supp. at 726. "[T]he federal courts are not to interpolate a requirement of fact pleading into the federal rules."*Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995) (relying on *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993)). In addition, the Court must apply Rule 9(b) in conjunction with its underlying purposes, which are: (1) to inform defendants of the alleged wrongs and enable them to form an adequate defense and response; (2) to eliminate the filing of conclusory complaints as a pretext for detecting additional wrongs; and (3) to shield defendants from unfounded fraud charges that might injure their reputations. *SeeSecond Chance Body Armor, Inc. v. American Body Armor, Inc.,* No. 94 C 6178, 1996 WL 568794, at \*3 (N.D.Ill. Sept. 30, 1996) (finding that complaint provided sufficient information to satisfy the purposes of Rule 9(b) although it did not indicate where and when the alleged misrepresentations occurred).

*\*4* Based on these considerations, the Court finds that Hot Wax has met the Rule 9(b) particularity requirements. First, the complaint identifies the entity making the alleged misrepresentations-Defendant Grace-Lee Products-thereby satisfying the "identity" requirement. (Compl.¶¶ 15, 17-23.) Grace-Lee's argument that Rule 9(b) demands additional specificity is meritless. *Cf.Vicom v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771 (demanding additional specificity on the "identity" requirement only because the complaint named multiple defendants and multiple injuries). Second, by alleging that the fraudulent activity occurred in all 50 states, the complaint satisfies the "place" requirement. (Compl.¶¶ 6, 7.) Third, the complaint fulfills the "content" requirement by alleging that Grace-Lee knowingly made false and misleading

Case 1:08-cv-00969    Document 26-9    Filed 05/07/2008    Page 4 of 5

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 664945)**

statements about the quality, nature, and characteristics of its auto care products, in violation of Section 43(a) of the Lanham Act. (Compl. ¶ 17-18) Fourth, the complaint alleges that Grace-Lee marketed its products through "oral promotion, written materials, and commercial advertising, including advertising in various trade journals" (Compl.¶ 20), thereby satisfying the "method" requirement.[FN2]

> FN2. In addition, the complaint includes examples of Grace-Lee's allegedly fraudulent advertisements. (Compl.Ex. A.)

Although it may be a closer call, plaintiff also satisfies the fifth requirement, that of "time," by stating that the alleged fraud began in the 1970's and continued to the present. Grace-Lee objects to this broad time frame and also to Hot Wax's failure to specify the dates of the advertisements included in Exhibit A. The fact that Hot Wax's allegations cover a broad time frame does not, by itself, make these allegations either insufficient or conclusory under Rule 9(b). In fact, where the alleged fraud occurred over a period of time, as in the present case, the Rule's pleading requirements-including the "time" requirement-apply less stringently. *Unytite, Inc. v. Lohr Structural Fasteners, Inc.,* No. 91 C 2849, 1992 WL 220918, at *2 (N.D.Ill. Sept. 1, 1992). *See also Recreation Servs., Inc. v. Odyssey Fun World, Inc.,* 952 F.Supp. 594, 597 (N.D.Ill.1997) (concluding that the level of specificity required for a discrete wrongful act "is a total misfit where the name and style of an entire ongoing course of business ... constitute the offending activity"); *Mutuelle Generale Francaise Vie v. Life Insurance Co. of Pennsylvania,* 688 F.Supp. 386, 393 (N.D.Ill.1988) (explaining that Rule 9(b)'s specificity requirements are tempered when a claim involves transactions occurring over a long period of time).

In its complaint, Hot Wax has provided Grace-Lee with notice of the allegations of fraud sufficient to allow adequate response, as the extensive briefing already submitted by Defendant demonstrates. *See Second Chance,* 1996 WL 568794, at *3. The Court therefore finds that Hot Wax has pleaded with adequate particularity to fulfill the demands of Rule 9(b).

*B. Defendant's Motion to Dismiss Based on the Statute of Limitations*

**\*5** Grace-Lee's motion to dismiss also contends that at least some of Plaintiff's allegations involve actions occurring outside the purview of the applicable statute of limitations. As such, Grace-Lee requests that the claim be barred to the extent that it predates the statutory period. Hot Wax contends, however, that the allegations contained in its complaint represent a continuing violation and, as such are not barred by the statute of limitations.

A continuing violation exists when defendant's initial misconduct is not a separate and discrete action, but instead represents the first step in a pattern of wrongful conduct. *Forster Music Publisher, Inc. v. Price Stern Sloan, Inc.,* No. 93 C 4487, 1995 WL 239093 (N.D.Ill. Apr.21, 1995). Under the continuing violation theory, a plaintiff may recover for an entire series of wrongful acts, even though some may have happened outside the statutory period. *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1310 (7th Cir.1989); *Taylor v. Meirick,* 712 F.2d 1112, 1118 (7th Cir.1983). However, the theory does not apply when the alleged wrongdoing is definite and discoverable and when nothing barred the plaintiff from seeking immediate redress. *Second Chance,* 1996 WL 568794, at *5 (citing *Wilson v. Giesen,* 956 F.2d 738, 743 (7th Cir.1992)). Nor does it apply when the plaintiff knew or should have known of the defendant's misconduct but failed to file suit at an earlier time. *Id.* (citing *Moskowitz v. Trustees of Purdue Univ.,* 5 F.3d 279, 282 (7th Cir.1993)).

On the face of Hot Wax's complaint, it appears that Grace-Lee's alleged misconduct represents a continuing violation. However, the parties must further develop the facts before the Court can ultimately make this determination. Consequently, the Court denies, without prejudice, Grace-Lee's motion to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-00969    Document 26-9    Filed 05/07/2008    Page 5 of 5

Not Reported in F.Supp.2d                                                                Page 5
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 664945)**

dismiss Count I on statute of limitations grounds.

## CONCLUSION

The Court denies Defendant Grace-Lee's motion to dismiss Court I of Hot Wax's Complaint as well as its alternative motion for a more definite statement.

N.D.Ill.,1998.
Hot Wax, Inc. v. Grace-Lee Products, Inc.
Not Reported in F.Supp.2d, 1998 WL 664945 (N.D.Ill.), 1998-2 Trade Cases P 72,372

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.