Not Reported in F.Supp.2d                                                                            Page 1
Not Reported in F.Supp.2d, 2003 WL 22859492 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22859492)**

Eazypower Corp. v. Alden Corp.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
EAZYPOWER CORPORATION, an Illinois corporation, Plaintiff,
v.
ALDEN CORPORATION, a Connecticut corporation, Defendant.
**No. 03 C 3164.**

Dec. 2, 2003.

Robert B. Breisblatt, Kara Eve Foster Cenar, Joseph Eben Cwik, Philip Dale Segrest, Jr., Welsh & Katz, Ltd., Lee F. Grossman, Eric P Martin, Grossman & Flight, LLC, Chicago, IL, for Plaintiff. Jeffrey Edward Schiller, Michael Daehyun Lee, Schuyler, Roche & Zwirner, Chicago, IL, Wm Tucker Griffith, John C Linderman, McCormick, Paulding & Huber, LLP, Hartford, CT, for Defendant.

*MEMORANDUM, OPINION AND ORDER*

ANDERSEN, J.
**\*1** This case is before the Court on Alden Corporation's motion to dismiss Eazypower's complaint. For the following reasons, the motion to dismiss is denied.

BACKGROUND

Eazypower Corporation is a manufacturing company that sells screwdriver tips and related power tool accessories. One of its products is a broken screw remover set (the "Screw Remover Set"), which is used to remove broken or worn out screws. On or about April 4, 2000, Alden Corporation filed a patent application with the United States Patent and Trademark Office (the "Patent Office") for a screwdriver bit, which is used to remove damaged screws. Alden's patent application was published on October 4, 2001, and the Patent Office allowed the patent on March 19, 2003. At that time, Alden began to send notice letters to potential infringers. However, Alden's patent did not issue until July 22, 2003.

On or about April 4, 2003, Alden sent a letter to Eazypower which stated that Alden had a pending patent that had been "allowed" by the Patent Office and that the soon-to-be-issued patent "will be infringed by, or contributorily infringed by" Eazypower's Screw Remover Set. About ten days later on April 14, 2003, Eazypower received a second letter from Alden that reiterated the infringement allegations and referenced the patent application as number 20010026737.

Eazypower responded to Alden's letter on or about April 23, 2003, in which Eazypower denied the alleged infringement and asserted that the allegations appeared to be baseless, made in bad faith and violated unfair competition law. Despite Alden's assurances that it would not contact any of Eazypower's customers, Ace Hardware, one of Eazypower's customers, did in fact receive a similar cease and desist letter from Alden. As a result, Eazypower corresponded with Alden again on or about April 30, 2003 and demanded that Alden cease writing letters to Eazypower's customers, alleging that Eazypower's Screw Remover Set infringes or contributorily infringes Alden's not-yet-issued patent. At that time, Eazypower also requested information from Alden about the patent claims and how Eazypower's Screw Remover Set allegedly infringed the patent. Alden responded that it needed Eazypower's production drawings in order to determine how the Screw Remover Set infringed Alden's anticipated patent.

On May 12, 2003, Eazypower filed a five-count complaint against Alden, including allegations of unfair competition and patent-related violations, resulting from Alden's infringement notice letters

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Case 1:08-cv-00969    Document 26-11    Filed 05/07/2008    Page 2 of 4   Page 2
Not Reported in F.Supp.2d, 2003 WL 22859492 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22859492)**

and soon-to-be issued patent. Specifically, the complaint contained the following claims: (1) Count I alleges a violation of section 43(a) of the Lanham Act for alleged false and/or misleading statements made to prospective customers of Eazypower; (2) Count II alleges a violation of Illinois' Uniform Deceptive Trade Practices Act; (3) Count III asserts a claim for tortious interference with prospective business relationships; (4) Count V alleges unclean hands; and (5) Count VI sought a declaratory judgment that Alden's soon-to-be-issued patent is invalid and/or not infringed by Eazypower's product. Noticeably, Eazypower did not include a Count IV in its original complaint.

**\*2** Alden then filed a motion to dismiss the complaint pursuant to Federal Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. Alden argues that Counts I, II, III, and V should be dismissed because its actions are immunized under the *Noerr-Pennington* doctrine. Alden also asserts that Count VI for non-infringement should be dismissed because its patent, at that time, had not issued and no actual justiciable controversy exists, and that Eazypower is simply seeking an advisory opinion.

On July 22, 2003, the day that the patent issued, Alden filed a patent infringement suit in the United States District Court for the District of Connecticut. That same day, Eazypower filed an amended complaint to include Count IV seeking declaratory judgment of non-infringement of Alden's now issued patent and amended Count IV seeking declaratory judgment of no provisional remedy. The other claims alleged in Eazypower's first complaint remain the same in the amended complaint.

Notwithstanding the filing of the amended complaint, the parties continued to brief the motion to dismiss that was filed before Eazypower amended its complaint. Although, Eazypower filed an amended complaint without leave from the Court, this Court would have granted leave. Therefore, the original complaint is moot, and we are considering this motion as a the motion to dismiss to the amended complaint.

DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc. .,* 246 F.3d 1065, 1067 (7th Cir.2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint.*Weiler v. Household Fin. Corp.,* 101 F.3d 519, 524 n. 1 (7th Cir.1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir.2000).

I. Counts I, II, III and V of Eazypower's Amended Complaint State Claims for Relief

Alden contends that Counts I, II, III and V of Eazypower's amended complaint should be dismissed pursuant to Federal Rule 12(b)(6) for failure to state a claim on which relief could be granted. Counts I, II, III and V allege violations of the Lanham Act and Illinois Deceptive Trade Practices Act, tortious interference with prospective trade practices and unclean hands. These allegations are based on Alden's correspondence with Eazypower and its customers relating to the issuance of Alden's patent and allegations that Eazypower's Screw Remover Set would infringe the anticipated patent. Alden argues that the *Noerr-Pennington* doctrine immunizes its conduct from suit.

The *Noerr-Pennington* doctrine is based on Sherman Act considerations as well as the First Amendment right to petition the government. *Tarpley v. Keistler,* 188 F.3d 788, 794 (7th Cir.1999) ("[P]arties may petition the government for official action favorable to their interests without fear of suit, even if the result of the petition, if granted might harm the interests of others."). Originally, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Case 1:08-cv-00969  Document 26-11    Filed 05/07/2008    Page 3 of 4  Page 3
Not Reported in F.Supp.2d, 2003 WL 22859492 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22859492)**

doctrine was limited to antitrust actions, but has been extended to protect acts reasonably related to the petitioning process, including the sending of cease and desist letters to alleged infringers. *See e.g., Versatile Plastics v. Sknowbest, Inc.,* 247 F.Supp.2d 1098, 1103 (E.D.Wis.2003); *Thermos Co. v. Igloo Products Corp.,* 1995 WL 842002, at *4-5 (N.D.Ill. Sept.27, 1995).

**\*3** In *Versatile Plastics,* the plaintiffs filed an action seeking a declaratory judgment of non-infringement and also asserted claims of tortious interference, trade libel, antitrust and conspiracy resulting from infringement notice letters sent on behalf of the defendants. 247 F.Supp.2d at 1099. The court discussed the *Noerr-Pennington* doctrine and its transition from the antitrust arena into protecting acts "reasonably related to the petitioning litigation process," specifically the sending of cease and desist letters to alleged patent infringers. *Id.* at 1103-04.The court recognized that patent laws explicitly sanction and require notice letters to be sent to potential infringers in certain situations in order for the patent owner to recover damages. *Id.* at 1104.More importantly, the court acknowledged that the Federal Circuit, which has exclusive jurisdiction over patent appeals, has held that a patent owner "has the right to ... enforce its patent, and that includes threatening alleged infringers with suit."*Id.* at 1105 (quoting *Zenith Electronics Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1353 (Fed.Cir.1999)). Ultimately, the court concluded that a patent holder who sends a cease and desist letter to persons believed to be infringing is entitled to some protection from liability for damages. *Id.* at 1105.

We agree. However, the protection afforded to patent owners under the *Noerr-Pennington* doctrine is not unlimited. In *Zenith Electronics Corp. v. Exzec, Inc.,* the Federal Circuit held that a patentee was not shielded from liability for unfair competition under the Lanham Act for statements made in the marketplace about potential infringement if such statements were made in bad faith. 182 F.3d 1340, 1353 (Fed.Cir.1999). Thus, *Noerr-Pennington* immunity may not extend to Alden's infringement notice letters if its correspondence with Eazypower and/or its customers was conducted in bad faith or without a reasonable belief that Eazypower's Screw Remover Set, in fact, would infringe Alden's patent.

Specifically, Eazypower has alleged that Alden's allegations of infringement were made in bad faith and without any knowledge that Eazypower's Screw Remover Set did, in fact, infringe Alden's soon-to-be-issued patent. Eazypower also argues that, although Alden stated that it would not contact any of Eazypower's customers, Alden, in fact, did correspond with some of Eazypower's customers about potential infringement. Eazypower also claims that Alden did not comply with the actual notice provisions of the relevant patent laws.

Even though Alden ultimately may be protected by the *Noerr-Pennington* doctrine, we believe that Eazypower has alleged sufficient facts of bad faith to withstand a motion to dismiss. Thus, the motion to dismiss Counts I, II, III and V is denied.

II. The Filing of the Amended Complaint Cures Count IV's Jurisdictional Defect

In Count IV of the amended complaint, Eazypower seeks a declaratory judgment of infringement and/or invalidity with respect to Alden's patent, which had not been issued at the time Eazypower filed its original complaint. Alden argues this Court lacks subject matter jurisdiction to consider this claim as there is no actual justiciable controversy as required by the Declaratory Judgment Act.

**\*4** Eazypower contends that the jurisdictional defect was cured by the filing of its amended complaint after Alden's patent issued. However, Alden argues that Eazypower did not seek leave from this Court to supplement its pleading as required by Federal Rule 15(d). Regardless, this Court would have granted leave to amend. Thus, the filing of the amended complaint did cure the jurisdictional de-

Case 1:08-cv-00969    Document 26-11    Filed 05/07/2008    Page 4 of 4

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 2003 WL 22859492 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22859492)**

fect relating to Count IV, and Alden's motion to dismiss Count IV of the amended complaint is denied. Finally, the motion to dismiss does not address Count VI, which seeks a declaration of no provisional remedy under 35 U.S.C. 154(d). For this reason, Count VI withstands this motion to dismiss.

CONCLUSION

For the foregoing reasons, Alden's motion to dismiss is denied.

N.D.Ill.,2003.
Eazypower Corp. v. Alden Corp.
Not Reported in F.Supp.2d, 2003 WL 22859492 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.