**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Foboha GmbH and Foboha US, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 08 C 969 |
| v. | ) ) | Judge Grady |
| Gram Technology, Inc., and Jes Gram | ) ) | Magistrate Judge Ashman |
| Defendants. | ) ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS UNDER RULE 12 (b)(6) FED. R. CIV. P**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS UNDER RULE 12 (b)(6) FED. R. CIV. P**

In their Opposition to Defendants' Motion to Dismiss, Plaintiffs (hereinafter, collectively, "Foboha") ignore the truthful statements evident in the documents they chooses to use for their own exhibits. Since these documents are incorporated in Foboha's complaint, they carry just as much weight as the complaint's allegations themselves. These exhibits cannot support those allegations when they clearly contradict them. Although the Court must view well-pleaded allegations as true in deciding a motion to dismiss for failure to state a cause of action, Allegations that are contradicted within the four corners of the complaint cannot be assumed to be true because, by their very nature, they cannot be proven true.

Gram's United States Patent No. 7,081,222 (the "'222 Patent") is about to emerge successfully from a reexamination proceeding forced on Gram by Foboha. The original 10 claims remain, narrowed by amendment to apply to mechanical in-mold assembly of molded parts (to avoid a piece of German prior art that required vulcanization).

As one can clearly see from the timeline in Exhibit 10 to the Complaint, these parties have been at odds for several years. When Gram's patent application that became the '222 Patent was allowed, and he told the industry that his patent would soon issue, Foboha threatened Gram. Foboha followed though with their threat by filing a reexamination request the day after the '222 Patent issued. This lawsuit is the second phase of Foboha's campaign against Gram.

A careful reading of Foboha's Complaint, including _all_ of the exhibits, will demonstrate Foboha's failure to state even one claim on which relief can be granted.

### Foboha's Complaint Does Not Support
### the Heightened Pleading Requirements of Rule 9(b)

In their reply brief, Foboha was hard-pressed to find references to plug into their "who-what-where-when" matrix, but the examples used by Foboha clearly show the weakness of their pleadings. For example, the first item in the table identifies the defendants as the who, but fills out the rest of the boxes with reference to Exhibits 3 and 4, which were produced and disseminated, not by Gram, but by Foboha. In the second line of the table, Foboha refers not to advertising and promotional materials, but to a one-on-one contact between Gram and Foboha. In the third row of the table on page 12 of the reply brief, Foboha can only point to a statement made by Gram that is objectively true on its face. The remaining examples offered by Foboha on pages 13 and 14 of the reply brief do not support an allegation of advertising or promotional use. For example, Gram's December 21, 2007 letter to Advaltech can be described neither has promotional or in advertising material nor as a statement made to a third party, since Advaltech is Foboha's parent. Finally, the allegations made with respect to Gram's alleged conversations with Stull Technology personnel is neither advertising or promotion.

### The Competitor's Privilege is Properly Raised
### Since It is Clearly Identified in Foboha's Complaint.

As argued in Defendants' main brief, the competitor's privilege may be raised at this stage of the litigation when it is clearly evident from the complaint itself. As cited previously, "Although normally, in federal court, the existence of this kind of privilege will be an affirmative defense for the defendants to raise, in some cases a complaint so clearly reveals the existence of the defense that judgment on the pleadings is possible."

*International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724 (7th Cir. 1999).

Foboha's allegation that Gram and Foboha are not competitors flies in the face of the rest of Foboha's allegations and exhibits, especially Foboha's own press releases. If Foboha was not concerned about competition from Gram, why would Foboha compete against Gram so fiercely for so long?

### Foboha Has failed to Plead Bad Faith

Foboha has failed to adequately address Gram's argument that it must plead and prove bad faith in accusing a patent owner of unfair competition under Section 43(a) of the Lanham Act.

Nowhere has Foboha found support for its contention that that a patent owner successfully emerging from reexamination or a patent applicant who has received a Notice of Allowance cannot make truthful, forward-looking statements about the future enforceability of their soon to issue patents.

Foboha's reliance on *M-3 & Associates, Inc. v. Cargo Systems Inc.*, No. 3:99-CV-547 AS 2004 WL 834690, is misplaced. In that case, the defendant's patent had been held to be invalid, and the patent owner continued to assert its rights in the invalid patent. In this case, the opposite situation is present. Gram's patent is not at the end of its life; rather, it is beginning its life, and Gram has every right to make truthful statements about the current status of his property, be it and allowed patent application or an already issued

- 5 -

United States patent that has survived the reexamination process and has received notification that a successful reexamination certificate is about to issue.

In addition, Gram's public statements, on their face, are objectively true. Foboha's baseless allegation that "Defendants have knowingly misrepresented the national scope and enforceability of their patent rights... and have falsely alleged that Foboha's Doubled to Molds infringes Defendants' allegedly patented technology" is clearly at odds with the exhibits offered with Foboha's complaint.

### Foboha Has Not Adequately Pled "Commercial Advertising or Promotion."

Foboha's reply fails to address the argument that use of "commercial advertising or promotion," coupled with false statements, as necessary elements of a cause of action for unfair competition under Section 43(a) of the Lanham Act. As argued above, the exhibits used by Foboha as examples of Gram's commercial advertising or promotion are demonstrably true on their face, regardless of the contradictory allegations made as to them. The other exhibits to the Complaint are either not commercial advertising or promotion, or are Fobha's own promotional press releases, which demonstrate Foboha's aggressive campaign against Gram and his competitive efforts.

### Conclusion

As all four of the causes of action in Plaintiffs' complaint fail to state a claim upon which relief may be granted, the Court should dismiss them. If the Court determines that the Complaint fails to state a cause of action for unfair competition under

- 6 -

the Lanham Act, the remaining counts of the complaint must be dismissed for lack of federal jurisdiction.

                                          Respectfully submitted,

                                          Gram Technology, Inc., and Jes Gram

Date: May 30, 2008                By: <u>s/ Edward J. Chalfie</u>
                                              One of their attorneys

Edward J. Chalfie
Welsh & Katz, Ltd.
120 South Riverside Plaza
22nd Floor
Chicago, Illinois 60606
Phone: 312-655-1500
E-Mail: EJChalfie@WelshKatz.com

- 7 -

## CERTIFICATE OF SERVICE

I, Edward J. Chalfie, hereby certify that on May 30, 2008, I electronically filed the foregoing **Reply Memorandum in Support of Defendants' Motion to Dismiss Under Rule 12(b)(6), Fed. R. Civ. P.** with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

| | |
|---|---|
| Gary Melchior Ropski | Email: gropski@usebrinks.com |
| Jeffry M Nichols | Email: jnichols@usebrinks.com |
| Timothy P. Lucier | Email: tlucier@usebrinks.com |

                                                                    s/ Edward J. Chalfie