IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOBOHA GMBH and FOBOHA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GRAM TECHNOLOGY, INC. and JES GRAM, <br><br> Defendants. | Civil Action No. 08C-0969 <br><br> Judge John F. Grady <br> Magistrate Judge Martin C. Ashman |

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The parties to this action having stipulated, through their respective counsel, to the entry of the following Protective Order Regarding Confidentiality ("Protective Order" or "Order"), **IT IS HEREBY ORDERED** that:

1. This Order shall govern the production, use and disclosure of documents (including electronic documents) and information (including electronic information) produced, used or disclosed during pretrial discovery in connection with this action and designated in accordance with this Order. Pursuant to Citizens First National Bank v. Cincinnati Insurance Co., 178 F.3d 943 (7th Cir. 1999), this Order only extends to trade secrets and other demarcated categories of confidential information, as described herein.

2. All documents, testimony, materials, and other information produced or disclosed by the parties in this action and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall only be used in connection with

this action and shall not otherwise be used for any business, commercial, or competitive purpose. As an example only, such information shall not be used by a receiving party for filing or prosecuting any patent application (of any type) or similar request for legal protection, for patent reissue, for developing a product, or for any competitive-decision making whatsoever in the business conducted by the receiving party.

3. Any party or non-party may designate information or materials produced, used or disclosed in connection with this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by labeling or stamping the information or materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," by orally recording the designation as part of a deposition or court record, or by any other means that are otherwise provided herein.

4. A party, and third parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL" that contains or could lead to the disclosure of trade secrets or other confidential research, development or commercial information.

5. A party, and third parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains confidential business or commercial information and the producing party would suffer competitive injury or harm if such information were to be disclosed to the other party.

6. Any information or document designated as "CONFIDENTIAL," and any corresponding complete or partial copies, print-outs, summaries, excerpts, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a.  the Court and its personnel;

b.  members of the jury as authorized by the Court;

c.  court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

d.  outside counsel for any party to the above-captioned litigation, and all attorneys and employees of their law firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees (such law firms presently include Brinks Hofer Gilson & Lione, Rentsch & Partner, and Welsh & Katz, Ltd.);

e.  directors, officers, and employees of the parties whose assistance is reasonably required by counsel for the parties in the prosecution or defense in this action;

f.  testifying experts, investigators, consulting experts, litigation advisors, jury consultants, and mock jury members that are not employees of a party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of paragraph 16 must be followed. In the case of mock jury members, the jury consultant or attorneys may use an alternative form which is sufficient to ensure protection of any confidential information that may be disclosed in any mock jury proceedings;

g.  persons testifying in depositions or court proceedings provided that (i) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (ii) such

documents or information were produced by or obtained from such persons or their employer;

h. the authors and original recipients of the documents; and

i. such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action.

7. Any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any corresponding complete or partial copies, print-outs, summaries, excerpts, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a. the Court and its personnel;

b. members of the jury as authorized by the Court;

c. court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

d. outside counsel for any party to the above-captioned litigation, and all attorneys and employees of their law firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees (such law firms presently include Brinks Hofer Gilson & Lione, Rentsch & Partner, and Welsh & Katz, Ltd.);

e. testifying experts, investigators, consulting experts, litigation advisors, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of paragraph 16 must be followed. In

the case of mock jury members, the jury consultant or attorneys may use an alternative form which is sufficient to ensure protection of any confidential information that may be disclosed in any mock jury proceedings;

f. persons testifying in depositions or court proceedings provided that (i) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (ii) such documents or information were produced by or obtained from such persons or their employer;

g. the authors and original recipients of the documents; and

h. such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action.

8. In the case of a document or thing, a designation of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" can be accomplished by marking the item "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. Each page of a multi-page document shall be designated as appropriate. In the case of electronic information produced in native format on a CD, DVD, hard drive, or the like, a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" can be accomplished by marking the CD, DVD, hard drive, or other hardware containing the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. For other electronic documents that are not produced in native format, an effort should be made to designate individual pages of the documents, as appropriate, if feasible. If it is not feasible to designate individual pages of the electronic

documents, the designation, if any, should otherwise be made in a clear and inconspicuous manner that is reasonable under the circumstances.

9. Materials that are produced for examination for the purpose of allowing opposing counsel to determine which materials opposing counsel desires copied shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, whether or not marked, until copies of the materials are requested and produced, at which time the produced materials and information therein shall be treated pursuant to this Order based upon the designation, if any, marked upon the materials by the producing party.

10. Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript. During such time as any information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of time not to exceed 30 days after the party receives a copy of the final deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the 30

days, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality.

11.  No document may be filed under seal without a prior order of the Court specifying that the particular document or portion of a document may be filed as restricted, as required by Local Rule 26.2. If the Court denies a motion to file a document designated by another party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under seal, the party attempting to file the document must abide by this Protective Order and not publicly reveal the document, but the party may proceed with an objection to the designation of the document pursuant to Paragraph 13 below. If the objection is successful, the party may thereafter file the document (in whole or redacted, if appropriate) with the Court in the public record. Any documents permitted by the Court to be filed under seal shall be filed in a manner consistent with Local Rule 26.2.

If a party inadvertently files documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the public record (rather than under seal), the party must promptly move the Court to seal such documents (or otherwise remove them from the public record) within five (5) business days of learning of the inadvertent filing. Notice of such motion shall be given to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the motion.

12.  Subject to the other provisions herein, the failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order and the failure to object to such a designation shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties understand and agree that failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein. When notice of a producing party's inadvertent failure to mark a document or thing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is given by the party to the other parties, the receiving parties shall promptly return or destroy the unmarked documents or things and attempt to retrieve such materials from persons not qualified under this Order to possess such information. The producing party shall promptly produce a properly marked copy of the document or thing.

13. Pursuant to Citizens First National Bank v. Cincinnati Insurance Co., 178 F.3d 943 (7th Cir. 1999), either party and any interested third party can challenge the designation of particular documents. A party that objects to the designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document or information objected to and the basis for the objection. The parties shall first promptly try to dispose of such dispute in good faith on an informal basis as required by the local rules. If the dispute cannot be amicably resolved, the objecting party may file a motion objecting to the designation within fifteen (15) business days after the date notice of the party's objection was first given to the producing party. If a motion objecting to the designation is not made within that time, the party's objection shall be deemed withdrawn subject to the party's right to reassert the objection in the future.

When a motion objecting to a designation is filed, the party making the disputed designation shall bear the burden of proving that the information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The disputed information shall be treated according to its designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the dispute is amicably resolved or until the Court orders that the information was not properly designated.

No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

14. Neither this Order nor any stipulation herein, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation herein shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, or to enlarge the scope of discovery to matters unrelated to this action.

15. Notwithstanding anything in this Order to the contrary, the confidentiality obligations and restrictions of this Order shall not prohibit the disclosure or use of any information or material that may have been produced in this action and designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that information or material:

    a.    was, is, or becomes public knowledge, not in violation of this Protective Order;

    b.    was or is acquired by the receiving party from a third party having the right to disclose such information or material; or

    c.    was lawfully in the possession, custody, or control of the receiving party prior to the receipt of such information from the disclosing party.

    16.    Prior to disclosure of information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to testifying experts and consulting experts as provided in Paragraphs 6(f) and 7(e) above, a copy of the executed declaration attached as Exhibit A together with such person's current curriculum vitae shall be served on the party that produced and designated such information. It shall be sufficient for an expert to execute the declaration on behalf of the members and employees of his or her firm; no additional declarations are necessary from such members and employees. The producing/designating party shall make any objections to the disclosure of such information in writing no later than ten (10) business days from the date the executed declaration and curriculum vitae are received. If an objection is lodged, the parties shall promptly attempt to resolve the objection amicably. If the objection is not resolved amicably, the party seeking to disclose such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to an expert may file a motion with the Court requesting the Court to permit the disclosure despite the objection. There shall be no disclosure of such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information until and unless: (a) the

initial ten (10) business day period has lapsed and no written objection has been lodged, (b) the objection is resolved amicably by the parties, or (c) the court has entered an order permitting such disclosure.

17. Should a receiving party need to disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to someone not otherwise authorized to receive such information pursuant to this Order, the receiving party shall inform the producing/designating party of the documents or information proposed to be disclosed, the person or persons to whom disclosure is proposed to be made, the extent of the proposed disclosure required, the basis for such proposed disclosure, and request approval from the producing/designating party for the disclosure. The parties shall attempt to agree on terms and conditions for such approval. If approval from the producing/designating party cannot be obtained, the receiving party may seek approval from the Court to disclose such information. Approval of the proposed disclosure must, in any event, be obtained before the disclosure is made by the receiving party under this paragraph.

18. A party in receipt of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order who is required to disclose the document or information pursuant to any law, regulation, order or rule of any governmental authority, shall give immediate advance notice, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the counsel of the other parties to afford the parties a reasonable opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

19. In the event that anyone subject to this Order violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

20. Inadvertent production of documents subject to work product immunity/privilege or the attorney-client privilege shall not constitute a waiver of the immunity or privilege provided that the producing party notifies the receiving party of such inadvertent production promptly upon learning of the same. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request within ten (10) business days. No use may be made of such documents. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity/privilege or attorney-client privilege.

21. This Protective Order shall apply to third parties that produce information (documents, testimony, or otherwise) in this action. Such third parties may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," which shall thereafter be treated in accordance with this Protective Order.

22. Nothing herein shall be construed to limit in any way a party's use of its own information.

23. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents and information (originals and copies) designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of parties other than the producing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for parties other than the producing party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the producing party within sixty (60) days after the final disposition of this action that the actions required by this paragraph have been completed.

24. This Order shall regulate the handling of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout the period of this litigation and shall remain in force and effect until modified, superseded or terminated on the record or in writing by stipulation of the parties or by Order of the Court. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement or otherwise.

25. This Order may be amended, without leave or approval of the Court, in the form of a written stipulation of the parties that shall be filed with the Court. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and

granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification or addition to this Order.

26. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

Date: 7/23/08

BY THE COURT:

_____
United States District Judge

**ACCEPTED AND AGREED:**

FOBOHA GMBH and FOBOHA US, INC.

Date: July 18, 2008

By: ____s/ Timothy P. Lucier____
One of their Attorneys


GRAM TECHNOLOGY, INC. and JES GRAM

Date: July 18, 2008

By: ____s/ Edward J. Chalfie____
One of their Attorneys


I, Timothy P. Lucier, am the ECF User whose ID and password are being used to submit this STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY. In compliance with the General Order on Electronic Case Filing, X(C), I hereby represent that Edward J. Chalfie has consented to this submission.

Dated: July 18, 2008            By: ____s/ Timothy P. Lucier____

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| FOBOHA GMBH and FOBOHA US, INC., ) | |
| Plaintiffs, ) | Civil Action No. 08C-0969 |
| v. ) | Judge John F. Grady |
| GRAM TECHNOLOGY, INC. and JES GRAM, ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____

    _____.

2. If I am an expert a copy of my curriculum vitae is attached.

3. My present employer is _____

    _____.

4. My present occupation or job description is _____

    _____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in this action on _____.

6. Other than my engagement in connection with this action, I presently have, or in the past had, the following affiliation(s) with the parties involved in this action:_____

_____

_____ [state N/A if no such present or past affiliation(s) exist].

7. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I agree to comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

9. I agree to hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use only for the purposes of assisting in the resolution of this action, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. I agree to return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for all parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this action.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.

_____
(Signature)